JEFFREY A. KAISER [SBN 160594]
SHANNON S. PATEL [SBN 239314]
LEVIN SIMES KAISER & GORNICK, LLP
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: (415) 646-7160
Facsimile: (415) 981-1270

Attorneys for Plaintiffs

JO GUNTER HEWITT, et al.

ELECTRONICALLY
**FILED**
Superior Court of California,
County of San Francisco

**MAY 18 2007**
GORDON PARK-LI, Clerk
BY: JUDITH NUNEZ
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO
(UNLIMITED JURISDICTION)

| | |
|---|---|
| JO GUNTER HEWITT, individually and on Behalf of the Estate of RONALD HEWITT, decedent; SUSAN SIMPSON; RHONDA KNIGHT AND DOES ONE through TEN, inclusive,<br><br>PLAINTIFFS,<br><br>vs.<br><br>ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST;<br>PLANT INSULATION COMPANY;<br>SULZER PUMPS (US) INC., INDIVIDUALLY AND AS SII TO BINGHAM INTERNATIONAL, INC.;<br>THORPE INSULATION COMPANY;<br>UNIROYAL, INC.;<br>TODD SHIPYARDS CORPORATION<br>AND THE ELEVENTH DOE THROUGH THREE HUNDREDTH DOE, INCLUSIVE,<br><br>DEFENDANTS. | No. CGC 06 449838<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES<br><br>(Wrongful Death)<br>(Asbestos)<br><br>Negligence<br>Strict Liability<br>Survival Action<br>And<br>Loss of Consortium |

### GENERAL ALLEGATIONS

1.  The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, are

known to plaintiffs at this time, who therefore sue said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, plaintiffs will amend this complaint accordingly. Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE is responsible, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the decedent, as hereinafter alleged.

2. At all times herein mentioned, each of the defendants, except as otherwise alleged, was the agent, servant, employee and/or joint venturer of her co-defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Certain defendants agreed and conspired among themselves and with certain other individuals and/or entities, to act, or not to act, in such a manner that resulted in injury to the decedent; and such defendants, as co-conspirators, are liable for the acts, or failures to act, of other conspiring defendants. Plaintiffs are informed and believe, and allege, that at all times herein mentioned defendants ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, were and are authorized to do business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

3. Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, each defendant named herein and ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, were and are corporations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

### FIRST CAUSE OF ACTION-NEGLIGENCE

(Wrongful Death)

*PLAINTIFFS JO GUNTER HEWITT, SUSAN SIMPSON, RHONDA KNIGHT and DOES ONE through TEN, Inclusive, COMPLAIN OF DEFENDANTS, AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH) ALLEGE:*

4. The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, are unknown to plaintiffs at this time, who therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, plaintiffs will amend this Complaint accordingly. Plaintiffs are informed and believe and thereon allege that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the plaintiffs, as hereinafter alleged.

5. At all times herein mentioned, each of the defendants was the agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.

6. Plaintiffs are informed and believe, and thereon alleges, that at all times herein mentioned, defendants **ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST; PLANT INSULATION COMPANY; SULZER PUMPS (US) INC., INDIVIDUALLY AND AS SII TO BINGHAM INTERNATIONAL, INC.; THORPE INSULATION COMPANY; UNIROYAL, INC.; TODD SHIPYARDS CORPORATION AND THE ELEVENTH DOE THROUGH THREE HUNDREDTH DOE**, inclusive, are corporations organized and existing under and by virtue of the laws of the State of California, or the laws of some state or foreign jurisdiction, and that said defendants were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the City and County of San Francisco, State of California. The defendants identified in this paragraph are hereinafter referred to as "ASBESTOS DEFENDANTS"

7. At all times herein mentioned, each of the ASBESTOS DEFENDANTS was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary,

wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturers, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, modifying, disturbing, handling, marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain substance the generic name for which is asbestos, and other products containing said substance. Said entities shall hereinafter collectively be called "alternate entities". Each of the herein named **ASBESTOS DEFENDANTS** are liable for the tortuous conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, alter-ego, whole of partial owner, or wholly or partially owned entity, or entity that it as a member of, or funded, that researched, studied, manufactured, fabricated, designed, labeled, assembled, distributed, leased, bought, offered for sale, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others and advertised a certain substance, the generic name of which is asbestos, and other products containing said substance. The following **ASBESTOS DEFENDANTS**, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that there has been a virtual destruction of plaintiffs remedy against each such "alternate entity"; ASBESTOS DEFENDANTS, and each of them, have acquired the assets, product line, or apportion thereof, of each such "alternate entity"; ASBESTOS DEFENDANTS, and each of them, caused the destruction of plaintiffs remedy against each such "alternate entity"; each such **ASBESTOS DEFENDANTS** has the ability to assume the risk-spreading role of each such "alternate entity"; and that each such ASBESTOS DEFENDANT enjoys the goodwill originally attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| SULZER PUMPS (US) INC. | BINGHAM INTERNATIONAL, INC. |

8. The Federal Courts lack jurisdiction over this action and removal is therefore improper. There is incomplete diversity of citizenship due to the presence of a California **ASBESTOS DEFENDANT**. Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed. This includes any claim arising from an act on a Federal Enclave as defined by Article I, section. 8, clause 17 of the United States Constitution. This also includes any claim arising from any act or omission of the Untied States, any agency thereof, any officer of the United States, or a claim against any other person or entity that is based on an act that was performed under specific direction of the United States, any agency thereof or any Officer of the United States. No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. Venue is proper in San Francisco County, Superior Court of California.

9. At all times herein mentioned, the **ASBESTOS DEFENDANTS** and each of them were engaged in the business of manufacturing, installing, contracting for installation, scrapper, fabricating, designing, assembling, distributing, leasing, buying, selling, modifying, disturbing, handling, inspecting, servicing, repairing, marketing, warranting and advertising a certain substance, the generic name of which is asbestos, and/or other products containing said substance, or are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, and marketing of safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos in the workplace and other locations.

10. At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them were aware that the original gaskets and packing supplied with the steam pumps would need to be removed and replaced with new gaskets and packing during ordinary operation and maintenance of the steam pumps. Heat and pressure generated by operation of the steam pumps would affect the original and replacement gaskets and packing – e.g., making them brittle, friable and not reusable, making replacement necessary and dangerous. It was foreseeable that the process of removing old gaskets and

1 packing, and replacing them with the new materials during ordinary maintenance operations would disturb the asbestos materials, releasing asbestos into the air.

11. At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them, singularly and jointly, negligently and carelessly researched, tested or failed to test, warned or failed to warn, manufactured and/or caused to be manufactured, designed, developed, distributed, labeled, advertised, marketed, warranted, inspected, repaired, fabricated, assembled, installed, modified, handled, disturbed, serviced, and sold a certain substance, the generic name of which is asbestos, and/or other products containing said substance, and said substance was capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers and others, while being used in a manner reasonably foreseeable, thereby rendering said substances unsafe and dangerous for use by the consumers, users, bystanders or workers exposed thereto;

12. Plaintiffs' decedent was exposed to asbestos and asbestos products referred to in paragraph 10, in a manner that was reasonably foreseeable.

13. As a direct and proximate result of the conduct of the **ASBESTOS DEFENDANTS**, and each of them, as aforesaid, the exposure to asbestos caused plaintiffs' decedent to contract mesothelioma (cancer) from which he died on December 22, 2006.

14. Plaintiffs did not learn of the causal relationship between decedent's exposure to asbestos and her death until less than one year before the date on which this complaint was filed.

15. Plaintiffs are the heirs of RONALD HEWITT, deceased, herein referred to as "decedent", as follows:

| | |
|---|---|
| JO GUNTER HEWITT | Spouse |
| SUSAN SIMPSON | Daughter |
| RHONDA KNIGHT | Daughter |

16. As a result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, decedent's heirs have sustained pecuniary loss resulting from the loss of love, comfort, society, attention, services and support of decedent in a sum in invoking the unlimited jurisdictional limits of the Court.

17. As a further result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, and the death of decedent, plaintiffs herein have incurred funeral and burial expenses in an amount to be subsequently ascertained.

18. Plaintiffs have lost pre-judgment interest pursuant to Civil Code Section 3288, the exact amount of which plaintiff prays leave to insert herein when finally ascertained.

19. As a further direct and proximate result of the said conduct of **ASBESTOS DEFENDANTS**, and each of them, plaintiff has incurred, and will incur, loss of income, wages, pension, profits and commissions, a diminished earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to plaintiff; and leave is requested to amend this Complaint to conform to proof at the time of trial.

20. Defendant **TODD SHIPYARDS CORPORATION** negligently failed to warn decedent and others similarly situated that the asbestos containing products and materials in use by its workers, hired contractors and sub-contractors, from which decedent Ronald Hewitt suffered harmful exposures to airborne asbestos fibers, were in fact harmful and deadly and could lead asbestos-related illnesses including but not limited to mesothelioma. **TODD SHIPYARDS CORPORATION** employees and its subcontractors negligently exposed decedent Ronald Hewitt to airborne asbestos fibers through working with asbestos-containing materials in his presence at **TODD SHIPYARDS CORPORATION** in San Pedro, CA. **TODD SHIPYARDS CORPORATION** owned this facility, controlled the facility and its employees and the contractors **TODD SHIPYARDS CORPORATION** hired directly exposed decedent to harmful asbestos fibers and failed to warn decedent of the hazardous condition it created and **TODD SHIPYARDS CORPORATION** knew or reasonably should have known of the hazards of

asbestos. Pursuant to *Westbrook v. Asbestos Defendants*, 2001 U.S.Dist. Lexis 11575, **TODD SHIPYARDS CORPORATION** failed to warn decedent that the asbestos-containing products its employees and subcontractors were using were harmful to decedent and others similarly situated. As such, **TODD SHIPYARDS CORPORATION** negligently retained control of the contractors that exposed decedent to this harmful condition. **TODD SHIPYARDS CORPORATION** reasonably should have warned decedent of the hazards created by **TODD SHIPYARDS CORPORATION** workers and **TODD SHIPYARDS CORPORATION'S** agents had a duty to warn decedent about the hazards created directly by **TODD SHIPYARDS CORPORATION** and its agents independent of any potential role the Navy might have played in specifying the use of asbestos containing materials on Navy Ships.

**TODD SHIPYARDS CORPORATION** should have recognized that the work of its employees and contractors would create during the progress of the work, dangerous, hazardous, and unsafe conditions which could or would harm decedent and others unless special precautions were taken.

**TODD SHIPYARDS CORPORATION** knew or had reason to know, that the contractors it had selected and hired to install, remove, abate or otherwise handle asbestos-containing materials were unfit or unqualified to do so.

**TODD SHIPYARDS CORPORATION** failed to use reasonable care to discover whether the contractors it selected and hired to install, remove, abate or otherwise handle asbestos-containing materials were competent or qualified to do so.

WHEREFORE, plaintiffs pray judgment against **ASBESTOS DEFENDANTS**, and each of them, as hereafter set forth.

### SECOND CAUSE OF ACTION - STRICT LIABILITY

*AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFFS JO GUNTER HEWITT individually and as Personal*

*Representative to the Estate of RONALD HEWITT, decedent; SUSAN SIMPSON, RHONDA KNIGHT AND DOES ONE THROUGH TEN, INCLUSIVE, COMPLAIN OF THE ASBESTOS DEFENDANTS AND EACH OF THEM, AND ALLEGE AS FOLLOWS:*

20. Plaintiffs reallege and incorporate herein by reference each of the proceeding paragraphs of this Complaint.

21. **ASBESTOS DEFENDANTS** and each of them, researched, manufactured, tested or failed to test, warned or failed to warn, designed, labeled, distribut_ _dvertised, m___ __d, warranted, modified, handled, disturbed, inspected, repaired, offered for sale ___ ___ a certain substance, the generic name of which is asbestos and other products cont____ing said substance, which substance is defective, in that same was capable of causing and ___d, in fact, cause personal injuries and/or death including mesothelioma and other lung d___ __e and cancer, to the users ___d consumers thereof while being used in a reas_____, _oreseeable manner, thereby rendering the same unsaf_ ___ dangerous f__ __e by consumers, users, bystanders and workers exposed thereto; said **ASBESTOS DEFENDANTS**, and each of ___m, further failed to adequately warn of the risks to which decedent and others similarly situated were exposed.

22. At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them were aware that the original gaskets and packing supplied with the steam pumps would need to be removed and replaced with new gaskets and packing during ordinary operation and maintenance of the steam pumps. Heat and pressure generated by operation of the steam pumps would affect the original and replacement gaskets and packing – e.g., making them brittle, friable and not reusable, making replacement necessary and dangerous. It was foreseeable that the process of removing old gaskets and packing, and replacing them with the new materials during ordinary maintenance operations would disturb the asbestos materials, releasing asbestos into the air.

23. As a direct and proximate result thereof, decedent suffered the injuries from which he subsequently died and plaintiffs have suffered the injuries and damages previously alleged.

WHEREFORE, plaintiffs pray judgment against **ASBESTOS DEFENDANTS**, and each of them, as hereafter set forth.

## THIRD CAUSE OF ACTION - SURVIVAL ACTION

*AS AND FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION (SURVIVAL ACTION), PLAINTIFF JO GUNTER HEWITT as Personal Representative to the Estate of RONALD HEWITT, decedent;, COMPLAIN OF ASBESTOS DEFENDANTS, AND EACH OF THEM, AND FOR A CAUSE OF ACTION ALLEGES:*

24. Plaintiffs incorporate by reference herein each and every paragraph of the First and Second Causes of Action of this Complaint, and makes them a part of this, the Third Cause of Action, as though fully set forth herein.

25. Prior to his death, decedent RONALD HEWITT had a cause of action against ASBESTOS DEFENDANTS herein for personal injuries arising from his exposure to asbestos. On December 22, 2006, before the foregoing cause of action arose in his favor, RONALD HEWITT, who would have been the plaintiff in this action had he lived, died.

26. As a proximate result of the conduct of ASBESTOS DEFENDANTS, and each of them, decedent was required to, and did, employ physicians and surgeons to examine, treat and care for him and did incur medical and incidental expenses in a sum to be subsequently determined.

27. As a further, direct and proximate result of the conduct of ASBESTOS DEFENDANTS, and each of them, decedent was prevented from attending to his usual occupation for a period of time and thereby incurred damages for loss of earnings in a sum to be subsequently determined.

28. In researching, testing, manufacturing, distributing, labeling, and marketing said products, ASBESTOS DEFENDANTS in this cause of action named, and each of them, did so with conscious disregard for the safety of the users of said products, in that ASBESTOS DEFENDANTS had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including but not limited to mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which ASBESTOS

## THIRD CAUSE OF ACTION - SURVIVAL ACTION

*AS AND FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION (SURVIVAL ACTION), PLAINTIFF JO GUNTER HEWITT as Personal Representative to the Estate of RONALD HEWITT, decedent, COMPLAIN OF ASBESTOS DEFENDANTS, AND EACH OF THEM, AND FOR A CAUSE OF ACTION ALLEGES:*

24. Plaintiffs incorporate by reference herein each and every paragraph of the First and Second Causes of Action of this Complaint, and makes them a part of this, the Third Cause of Action, as though fully set forth herein.

25. Prior to his death, decedent RONALD HEWITT had a cause of action against ASBESTOS DEFENDANTS herein for personal injuries arising from his exposure to asbestos. On December 22, 2006, after the foregoing cause of action arose in his favor, RONALD HEWITT, who would have been the plaintiff in this action if he had lived, died.

26. As a proximate result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, decedent was required to, and did, employ physicians and surgeons to examine, treat and care for him and did incur medical and incidental expenses in a sum to be subsequently determined.

27. As a further, direct and proximate result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, decedent was prevented from attending to his usual occupation for a period of time and thereby incurred damages for loss of earnings in a sum to be subsequently determined.

28. In researching, testing, manufacturing, distributing, labeling, and marketing said products, **ASBESTOS DEFENDANTS** in this cause of action named, and each of them, did so with conscious disregard for the safety of the users of said products, in that **ASBESTOS DEFENDANTS** had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including but not limited to mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which **ASBESTOS**

DEFENDANTS had access, as well as scientific studies performed by, at the request of, or with the assistance of, said ASBESTOS DEFENDANTS, and which knowledge was obtained by said ASBESTOS DEFENDANTS on or before 1933, and thereafter.

29. On or before 1933, and thereafter, said ASBESTOS DEFENDANTS were aware that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and asbestos products, had no knowledge or information indicating that asbestos could cause injury, and said ASBESTOS DEFENDANTS knew that the users of asbestos and asbestos products, as well as members of the general public who were exposed to asbestos and asbestos products, would assume, and in fact did assume, that exposure to asbestos and asbestos products was safe, when in fact said exposure was extremely hazardous.

30. With said knowledge, said ASBESTOS DEFENDANTS opted to manufacture and distribute said asbestos and asbestos products without attempting to protect users from or warn users of the high risk of injury or death resulting from exposure to asbestos and asbestos products. In pursuance of attempting to protect users and workers from, or warn workers and users of, the high risk of injury death resulting from exposure to asbestos and asbestos products, ASBESTOS DEFENDANTS intentionally failed to reveal their knowledge of said risk, fraudulently, consciously and actively concealed and suppressed said knowledge from members of the general public that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations.

31. The above referenced conduct of said ASBESTOS DEFENDANTS was motivated by the financial interest of said ASBESTOS DEFENDANTS in the continuing, uninterrupted distribution and marketing of asbestos and asbestos products. In pursuance of said financial motivation, said ASBESTOS DEFENDANTS consciously disregarded the safety of the users of, and persons exposed to, asbestos and asbestos products, and were in fact, consciously willing to permit asbestos and asbestos

P:\6139.Hewitt.Ronald\Complaint\complaint.wd.loc.asb.todd.do c

11

COMPLAINT FOR
DAMAGES - WRONGFUL DEATH

products to cause injury to workers and users thereof, and persons exposed thereto, including plaintiff.

32. As the above referenced conduct of said **ASBESTOS DEFENDANTS** was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of workers exposed to asbestos and asbestos products, including plaintiffs' decedent, plaintiff, for the sake of example, and by way of punishing said **ASBESTOS DEFENDANTS**, seeks punitive damages according to proof.

## FOURTH CAUSE OF ACTION - LOSS OF CONSORTIUM

*AS AND FOR A FURTHER, FOURTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF JO GUNTER HEWITT, COMPLAINS OF ASBESTOS DEFENDANTS, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:*

33. Plaintiff JO GUNTER HEWITT realleges and incorporates herein by reference the preceding paragraphs of this Complaint.

34. Plaintiff JO GUNTER HEWITT was at all relevant times the lawfully wedded spouse of decedent RONALD HEWITT.

35. As a direct and proximate result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, and of the severe injuries caused thereby to decedent prior to his death, as hereinabove alleged, plaintiff JO GUNTER HEWITT suffered loss of consortium, including, but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of his said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

36. Plaintiff JO GUNTER HEWITT, as a result of the foregoing described injuries to her said spouse, has been generally damaged in a sum invoking the unlimited jurisdiction of the Court.

WHEREFORE, plaintiffs pray judgment against **ASBESTOS DEFENDANTS** and each of them as follows:

1. For general damages according to proof;

2. For burial expenses according to proof;

3. For medical and related expenses according to proof;

4. For loss of income according to proof;

5. For punitive damages according to proof;

6. For loss of care, comfort and society.

7. For plaintiffs' costs of suit herein; and,

8. For such other and further relief as this Court deems just and proper, including costs as provided in CCP § 998, CCP § 1032 and related provisions of law.

DATED: May 18, 2007

LEVIN SIMES KAISER & GORNICK, LLP

_____
SHANNON S. PATEL
Attorney for Plaintiffs

SUM-100

SECOND AMENDED

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST;
SEE ATTACHMENT FOR ADDITIONAL DEFENDANTS

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JO GUNTER HEWITT, individually and on Behalf of the
Estate of RONALD HEWITT, deceased; SUSAN SIMPSON;
RHONDA KNIGHT AND DOES ONE through TEN, inclusive

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
400 MCALLISTER STREET
SAN FRANCISCO, CA 94102

CASE NUMBER:
*(Número del Caso):* CGC 06 449838

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JEFFREY A. KAISER    (SBN 160594)
LEVIN SIMES KAISER & GORNICK, LLP
44 MONTGOMERY STREET, 36TH FLOOR
SAN FRANCISCO, CA 94104

DATE: MAY 2 3 2007    Clerk, by _____, Deputy
*(Fecha)*                *(Secretario)*           *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):*

   under: [X] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
Legal Solutions Plus

| | |
|---|---|
| Attachment to Summons | |
| JO GUNTER HEWITT, individually and on Behalf the Estate of RONALD HEWITT, decedent; SUSAN SIMPSON; RHONDA KNIGHT AND DOE ONE through TEN, inclusive,<br><br>PLAINTIFFS,<br><br>VS.<br><br>ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST;<br>PLANT INSULATION COMPANY;<br>SULZER PUMPS (US) INC., INDIVIDUALLY AND AS SII TO BINGHAM INTERNATIONAL, INC.;<br>THORPE INSULATION COMPANY;<br>UNIROYAL, INC.;<br>TODD SHIPYARDS CORPORATION<br>AND THE ELEVENTH DOE THROUGH THREE HUNDREDTH DOE, INCLUSIVE,<br><br>DEFENDANTS. | No. CGC 06 449838 |

I:\6139.HEWITT.RONALD\COMPLAINT\ATTACHMENT.SUMMONS.DOC - 1 -

PERSONAL INJURY