GEORGE D. YARON, ESQ. (State Bar #96246)
KEITH E. PATTERSON, ESQ. (State Bar #225753)
GOLI MAHDAVI, ESQ. (State Bar #245705)
**YARON & ASSOCIATES**
601 California Street, 21st Floor
San Francisco, California 94108-2281
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Defendant
TODD SHIPYARDS CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JO GUNTER HEWITT, individually and on Behalf of the Estate of RONALD HEWITT, decedent; SUSAN SIMPSON; RHONDA KNIGHT AND DOES ONE through TEN, inclusive,<br><br>        Plaintiffs,<br><br>    vs.<br><br>ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST; PLANT INSULATION COMPANY; SULZER PUMPS (US) INC., INDIVIDUALLY AND AS SII TO BINGHAM INTERNATIONAL COMPANY; UNIROYAL, INC.; TODD SHIPYARDS CORPORATION AND THE ELEVENTH DOE THROUGH THREE HUNDREDTH DOE, inclusive,<br><br>        Defendants. | Case No. C07 3474 JCS<br><br>**CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |

Iris Nishimoto certifies and declares:

I am over the age of 18 years and not a party to this action.

My business address is 601 California Street, 21st Floor, San Francisco, California 94108-2826, which is located in the city, county and state where the mailing described below took place.

On July 3, 2007, I had hand delivered a copy of the Notice to Adverse Party of Removal to Federal Court, dated July 3, 2007, which is attached to this Certificate.

1   Jeffrey A. Kaiser, Esq

2   LEVIN, SIMES, KAISER & GORNICK LLP

3   44 Montgomery Street, 36th Floor

4   San Francisco, CA 94104

5   Tel.:    (415) 646-7160

6   Fax:    (415) 981-1270

7   I declare under penalty of perjury that the foregoing is true and correct.

8   Executed on July 3, 2007

9                                      _____

10                                     IRIS NISHIMOTO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GEORGE D. YARON, ESQ. (State Bar #96246)
KEITH E. PATTERSON, ESQ. (State Bar #225753)
GOLI MAHDAVI, ESQ. (State Bar #245705)
YARON & ASSOCIATES
601 California Street, 21ˢᵗ Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Defendant
TODD SHIPYARDS CORPORATION

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JO GUNTER HEWITT, individually and on Behalf of the Estate of RONALD HEWITT, decedent; SUSAN SIMPSON; RHONDA KNIGHT AND DOES ONE through TEN, inclusive, <br><br> Plaintiffs, <br><br> v. <br><br> ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST; PLANT INSULATION COMPANY; SULZER PUMPS (US) INC., INDIVIDUALLY AND AS SII TO BINGHAM INTERNATIONAL COMPANY; UNIROYAL, INC.; TODD SHIPYARDS CORPORATION AND THE ELEVENTH DOE THROUGH THREE HUNDREDTH DOE, inclusive, <br><br> Defendants. | Case No. 06-449838 <br><br> **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §1442(a)(1)** <br> **[Federal Officer Removal]** |

TO: PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Northern District of California on July 3, 2007, under Federal Case Number C 07 3474 JCS .

///

///

1

G:\3026\Pleadings\Removal\removal.notice.wpd

1    A copy of the said Notice of Removal is attached to this Notice, and is served and filed

2    herewith.

3

4    Dated: July 3, 2007

                                            YARON & ASSOCIATES

5

6

7    By _____
                                            GEORGE D. YARON
8                                           KEITH E. PATTERSON
                                            GOLI MAHDAVI
9                                           Attorneys for Defendant
                                            TODD SHIPYARDS CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTY OF REMOVAL TO
FEDERAL COURT                                                    G:\3026\Pleadings\Removal\removal.notice.wpd

1  GEORGE D. YARON, ESQ. (State Bar #96246)
   KEITH E. PATTERSON, ESQ. (State Bar #225753)
2  GOLI MAHDAVI, ESQ. (State Bar #245705)
   YARON & ASSOCIATES
3  601 California Street, 21st Floor
   San Francisco, California 94108
4  Telephone: (415) 658-2929
   Facsimile: (415) 658-2930
5
   Attorneys for Defendant
6  TODD SHIPYARDS CORPORATION

7

8                  UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA                **JCS**

10

11  JO GUNTER HEWITT, individually and on    )   No. _____ **07     3474**
    Behalf of the Estate of RONALD HEWITT,   )
12  decedent; SUSAN SIMPSON; RHONDA          )   **NOTICE OF REMOVAL OF ACTION**
    KNIGHT AND DOES ONE through TEN,         )   **UNDER 28 U.S.C. §1442(a)(1)**
13  inclusive,                               )
                                             )   **[Federal Officer Removal]**
14              Plaintiffs,                  )
         vs.                                 )
15                                           )
    ALLIS CHALMERS CORPORATION              )
16  PRODUCT LIABILITY TRUST; PLANT          )
    INSULATION COMPANY; SULZER PUMPS )
17  (US) INC., INDIVIDUALLY AND AS SII TO )
    BINGHAM INTERNATIONAL COMPANY;          )
18  UNIROYAL, INC.; TODD SHIPYARDS          )
    CORPORATION AND THE ELEVENTH            )
19  DOE THROUGH THREE HUNDREDTH             )
    DOE, inclusive,                          )
20                                           )
              Defendants.                    )
21  _____)

22        TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

23  DISTRICT OF CALIFORNIA:

24        PLEASE TAKE NOTICE that Defendant TODD SHIPYARDS CORPORATION

25  ("TODD"), by counsel, removes the above-entitled action from the Superior Court of the State of

26  California, in and for the County of San Francisco, to this Court, pursuant to 28 U.S.C. §§1442(a)(1)

27  and 1446.

28        This is a civil action over which this Court has subject matter jurisdiction under 28 U.S.C.

---
NOTICE OF REMOVAL                        -1-                    G:\3026\Pleadings\Removal\removal.wpd

1 §1331, as the action arises under the Constitution, laws, or treatises of the United States within the

2 meaning of 28 U.S.C. §1331 by virtue of Plaintiffs' attempt to adjudicate claims with respect to

3 persons acting under an officer of the United States pursuant to 28 U.S.C. §1442(a)(1).

4      The grounds for removal are as follows:

5      1.      On May 18, 2007, Plaintiffs filed a Second Amended Complaint in the Superior Court

6 of the State of California in and for the city and county of San Francisco, entitled JO GUNTER

7 HEWITT, individually and on Behalf of the Estate of RONALD HEWITT, decedent; SUSAN

8 SIMPSON; RHONDA KNIGHT AND DOES ONE through TEN, inclusive, Plaintiffs, vs. ALLIS

9 CHALMERS CORPORATION PRODUCT LIABILITY TRUST; PLANT INSULATION

10 COMPANY; SULZER PUMPS (US) INC., INDIVIDUALLY AND AS SII TO BINGHAM

11 INTERNATIONAL COMPANY; UNIROYAL, INC.; TODD SHIPYARDS CORPORATION AND

12 THE ELEVENTH DOE THROUGH THREE HUNDREDTH DOE, inclusive, Defendants, case

13 number 06-449838. A copy of Plaintiffs' Second Amended Complaint and summons is attached

14 hereto as Exhibit "A."

15      2.      Plaintiffs allege Negligence (Wrongful Death), Strict Liability, Survival, and Loss of

16 Consortium causes of action against various Defendants, including TODD. Plaintiffs allege an

17 unspecified amount of damages arising from Decedent Ronald Hewitt's alleged exposure to asbestos.

18 (See Exhibit "A.")

19      3.      As to TODD, Plaintiffs' Second Amended Complaint alleges that Decedent Ronald

20 Hewitt was exposed to asbestos while present at TODD Shipyard in San Pedro, California. (See

21 Exhibit "A.")

22      4.      The above-entitled action is a Complex Asbestos Litigation Action, which is

23 governed by various general orders of the San Francisco Superior Court. Pursuant to General Order

24 No. 129, contemporaneous with the filing of a Complaint for damages arising out of alleged

25 exposure to asbestos, Plaintiffs must file a Preliminary Fact Sheet prepared and signed by Plaintiffs'

26 counsel, providing various information to the state court. On June 7, 2007, TODD received a copy

27 of Plaintiffs' Preliminary Fact Sheet. A copy of Plaintiffs' Preliminary Fact Sheet is attached hereto

28 as Exhibit "B."

1    4.    In Plaintiffs' Preliminary Fact Sheet, Plaintiffs state that, sometime between 1955 and

2    1968, while employed as a Machinist Mate for the U.S. Navy, Decedent Ronald Hewitt was exposed

3    to asbestos aboard the following U.S. Navy ships: the USS ASHTABULA (AO-51), USS AJAX

4    (AR-6), USS EPPERSON (DD-719), USS PERKINS (DD-817), and the USS SHIELD (DD-596).

5    (See Exhibit "B.")

6    5.    28 U.S.C. § 1442(a)(1) provides:

7    A civil action or criminal prosecution commenced in a State court against any of the
     following may be removed by them to the district court of the United States for the
8    district and division embracing the place wherein it is pending:

9    (1) The United States or any agency thereof or any officer (or any person acting under
     that officer) of the United States or of any agency thereof, sued in an official or
10   individual capacity for any act under color of such office or on account of any right,
     title or authority claimed under any Act of Congress for the apprehension or
11   punishment of criminals or the collection of the revenue.

12

13   The basis for the removal of this action is that it involves a person – TODD – that acted

14   under the authority of officers of the United States or any agency thereof, in this case, the United

15   States Navy, within the meaning of 28 U.S.C. §1442(a)(1). (*Mesa v. California*, 489 U.S. 121, 124-

     125; 109 S.Ct. 959 (1989); *Pack v. AC&S, Inc., et al.*, 838 F.Supp. 1099, 1101 (D. Md. 1993).)
16

17   6.    In *Fung v. Abex Corp., et al.*, 816 F.Supp. 569 (N.D. Cal. 1993), the Court addressed

18   the propriety of the removal of a case involving the alleged exposure to asbestos while aboard

19   submarines manufactured by General Dynamics. In denying Plaintiffs' motion to remand, the Court

20   stated that, to satisfy removal under 28 U.S.C. §1442(a), General Dynamics must show that, in

21   manufacturing submarines, it "(1) acted under the direction of a federal officer, (2) raised a federal

22   defense to plaintiffs' claims, and (3) demonstrated a causal nexus between plaintiffs' claims and the

23   acts it performed under color of federal office." (*Id.* at 571-572.)

24   7.    In the present case, during 1955 to 1968, the relevant time period, TODD was

25   involved in the construction and maintenance of ocean-going vessels. For the purposes of this

26   removal, TODD acknowledges having constructed, converted, or repaired at its San Pedro shipyard

27   facilities vessels for the U.S. Navy. However, such construction, conversion, or repair, was

28   necessarily performed pursuant to contracts and specifications executed by an officer of the United

1  States, the U.S. Navy.

2       8.    TODD's construction, conversion, or repair of vessels for the U.S. Navy was

3  performed pursuant to (a) contracts that mandated adherence to comprehensive and detailed U.S.

4  Navy-created specifications regarding, among other things, the use of asbestos-containing products,

5  as well as (b) repair oversight by on-site U.S. Navy representatives.   Therefore, under the terms of

6  its contracts with the U.S. Navy, TODD's construction, conversion or repair of the Naval vessels was

7  necessarily performed under the authority and control of an officer of the United States.   Thus,

8  during all phases of TODD's construction, conversion or repair of Naval vessels, pursuant to U.S.

9  Navy contracts and specifications, TODD performed its work under the control and supervision of

10 officers of the U.S. Navy.

11      9.    Moreover, TODD can and will assert a federal defense to this action: its work was

12 performed pursuant to contract with, and under the supervision of, the United States government,

13 and any recovery by Plaintiffs is barred by consequence of the judicially recognized doctrine of

14 immunity conferred upon that contractual relationship, and any occurrences arising therefrom.

15 (*Boyle v. United Technologies Corp.* 487 U.S. 500, 509-511; 108 S.Ct. 2510 (1988); *Niemann v.*

16 *McDonnell Douglas Corp.*, 721 F.Supp. 1019, 1021-1023 (S.D.Ill. 1989)).

17      10.   Finally, because TODD acted under color of a federal officer or agency in its

18 construction, conversion or repair of U.S. Navy vessels, upon which Plaintiffs claim Decedent

19 Ronald Hewitt worked aboard and was exposed to asbestos-containing materials, removal of this

20 civil action pursuant to 28 U.S.C. §1442(a)(1) is proper. (*Williams v. Brooks*, 945 F.2d 1322, 1325

21 fn.2. (5th Cir. 1991).)

22      11.   Should Plaintiffs file a Motion to Remand this case, TODD respectfully requests the

23 opportunity to respond more fully in writing, including the submission of affidavits and authorities.

24      12.   Since Defendant TODD was acting under an officer of the United States of America

25 pursuant to 28 U.S.C. §1442(a)(1), all Defendants are not required to join in this Notice of Removal.

26 (See, e.g., *Ely Mines, Inc. v. Hartford Accident & Indemnity Co.*, 644 F.2d 1310, 1315 (9th Cir.

27 1981).)

28      13.   Defendant TODD has not filed an Answer in the above-entitled matter.

14.    As Plaintiffs' Second Amended Complaint was filed on May 18, 2007, and TODD received Plaintiffs' Preliminary Fact Sheet on June 7, 2007, TODD is filing this Notice of Removal within thirty (30) days from the date it first learned of a basis upon which to remove this action, as required by 28 U.S.C. Section 1446(b). (See Exhibit "C").

15.    Written notice of the filing of this Notice of Removal will be given to Plaintiffs and the other Defendants remaining in this action, together with a copy of the Notice to Adverse Party of Removal to Federal Court and supporting papers with the Superior Court of California, County of San Francisco, as required by 28 U.S.C. §1446(d).

16.    Further, TODD is requesting that this case be added as a tag-along case to the Multi-District Litigation No. 875 (MDL-875) (*In re Asbestos Cases*, in the U. S. District Court, Eastern District of Pennsylvania.).

WHEREFORE, TODD hereby removes this action to this Court.

DATED: July 3, 2007

YARON & ASSOCIATES

By: _____

GEORGE D. YARON
KEITH E. PATTERSON
GOLI MAHDAVI
Attorneys for Defendant
TODD SHIPYARDS CORPORATION

# EXHIBIT A

JEFFREY A. KAISER [SBN 160594]
SHANNON S. PATEL [SBN 239314]
**LEVIN SIMES KAISER & GORNICK, LLP**
44 Montgomery Street, 36ᵗʰ Floor
San Francisco, CA 94104
Telephone:    (415) 646-7160
Facsimile:    (415) 981-1270

Attorneys for Plaintiffs

JO GUNTER HEWITT, et al.

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**MAY 18 2007**
GORDON PARK-LI, Clerk
BY: JUDITH NUNEZ
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO
(UNLIMITED JURISDICTION)

| | |
|---|---|
| JO GUNTER HEWITT, individually and on Behalf of the Estate of RONALD HEWITT, decedent; SUSAN SIMPSON; RHONDA KNIGHT AND DOES ONE through TEN, inclusive,<br><br>PLAINTIFFS,<br><br>VS.<br><br>ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST;<br>PLANT INSULATION COMPANY;<br>SULZER PUMPS (US) INC., INDIVIDUALLY AND AS SH TO BINGHAM INTERNATIONAL, INC.;<br>THORPE INSULATION COMPANY;<br>UNIROYAL, INC.;<br>TODD SHIPYARDS CORPORATION<br>AND THE ELEVENTH DOE THROUGH THREE HUNDREDTH DOE, INCLUSIVE,<br><br>DEFENDANTS. | No. CGC 06 449838<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>(Wrongful Death)<br>(Asbestos)<br><br>Negligence<br>Strict Liability<br>Survival Action<br>And<br>Loss of Consortium |

## GENERAL ALLEGATIONS

1.    The true names and capacities, whether individual, corporate, associate, governmental or

otherwise, of defendants ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, are

known to plaintiffs at this time, who therefore sue said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, plaintiffs will amend this complaint accordingly. Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the decedent, as hereinafter alleged.

2.    At all times herein mentioned, each of the defendants, except as otherwise alleged, was the agent, servant, employee and/or joint venturer of her co-defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Certain defendants agreed and conspired among themselves and with certain other individuals and/or entities, to act, or not to act, in such a manner that resulted in injury to the decedent; and such defendants, as co-conspirators, are liable for the acts, or failures to act, of other conspiring defendants. Plaintiffs are informed and believe, and allege, that at all times herein mentioned defendants ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, were and are authorized to do business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

3.    Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, each defendant named herein and ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, were and are corporations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

## FIRST CAUSE OF ACTION-NEGLIGENCE

### (Wrongful Death)

*PLAINTIFFS JO GUNTER HEWITT, SUSAN SIMPSON, RHONDA KNIGHT and DOES ONE through TEN, Inclusive, COMPLAIN OF DEFENDANTS, AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH) ALLEGE:*

4.   The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, are unknown to plaintiffs at this time, who therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, plaintiffs will amend this Complaint accordingly. Plaintiffs are informed and believe and thereon allege that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the plaintiffs, as hereinafter alleged.

5.   At all times herein mentioned, each of the defendants was the agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.

6.   Plaintiffs are informed and believe, and thereon alleges, that at all times herein mentioned, defendants ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST; PLANT INSULATION COMPANY; SULZER PUMPS (US) INC., INDIVIDUALLY AND AS SII TO BINGHAM INTERNATIONAL, INC.; THORPE INSULATION COMPANY; UNIROYAL, INC.; TODD SHIPYARDS CORPORATION AND THE ELEVENTH DOE THROUGH THREE HUNDREDTH DOE, inclusive, are corporations organized and existing under and by virtue of the laws of the State of California, or the laws of some state or foreign jurisdiction, and that said defendants were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the City and County of San Francisco, State of California. The defendants identified in this paragraph are hereinafter referred to as "ASBESTOS DEFENDANTS"

7.   At all times herein mentioned, each of the ASBESTOS DEFENDANTS was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary,

wholly or partially owned by, or the whole or partial owner of or member in an entity researching,

studying, manufacturers, fabricating, designing, labeling, assembling, distributing, leasing, buying

offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing,

modifying, disturbing, handling, marketing, warranting, rebranding, manufacturing for others,

packaging and advertising a certain substance the generic name for which is asbestos, and other

products containing said substance. Said entities shall hereinafter collectively be called "alternate

entities". Each of the herein named **ASBESTOS DEFENDANTS** are liable for the tortuous conduct of

each successor, successor in business, successor in product line or a portion thereof, assign,

predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary,

alter-ego, whole of partial owner, or wholly or partially owned entity, or entity that it as a member of, or

funded, that researched, studied, manufactured, fabricated, designed, labeled, assembled, distributed,

leased, bought, offered for sale, sold, inspected, serviced, installed, contracted for installation, repaired,

marketed, warranted, rebranded, manufactured for others and advertised a certain substance, the generic

name of which is asbestos, and other products containing said substance. The following **ASBESTOS**

**DEFENDANTS**, and each of them, are liable for the acts of each and every "alternate entity", and each

of them, in that there has been a virtual destruction of plaintiffs remedy against each such "alternate

entity"; ASBESTOS DEFENDANTS, and each of them, have acquired the assets, product line, or

apportion thereof, of each such "alternate entity"; ASBESTOS DEFENDANTS, and each of them,

caused the destruction of plaintiffs remedy against each such "alternate entity"; each such **ASBESTOS**

**DEFENDANTS** has the ability to assume the risk-spreading role of each such "alternate entity"; and

that each such **ASBESTOS DEFENDANT** enjoys the goodwill originally attached to each such

"alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| SULZER PUMPS (US) INC. | BINGHAM INTERNATIONAL, INC. |

8.      The Federal Courts lack jurisdiction over this action and removal is therefore improper. There is incomplete diversity of citizenship due to the presence of a California **ASBESTOS DEFENDANT**. Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed. This includes any claim arising from an act on a Federal Enclave as defined by Article I, section. 8, clause 17 of the United States Constitution. This also includes any claim arising from any act or omission of the Untied States, any agency thereof, any officer of the United States, or a claim against any other person or entity that is based on an act that was performed under specific direction of the United States, any agency thereof or any Officer of the United States. No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. Venue is proper in San Francisco County, Superior Court of California.

9.      At all times herein mentioned, the **ASBESTOS DEFENDANTS** and each of them were engaged in the business of manufacturing, installing, contracting for installation, scrapper, fabricating, designing, assembling, distributing, leasing, buying, selling, modifying, disturbing, handling, inspecting, servicing, repairing, marketing, warranting and advertising a certain substance, the generic name of which is asbestos, and/or other products containing said substance, or are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, and marketing of safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos in the workplace and other locations.

10.     At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them were aware that the original gaskets and packing supplied with the steam pumps would need to be removed and replaced with new gaskets and packing during ordinary operation and maintenance of the steam pumps. Heat and pressure generated by operation of the steam pumps would affect the original and replacement gaskets and packing – e.g., making them brittle, friable and not reusable, making replacement necessary and dangerous. It was foreseeable that the process of removing old gaskets and

                                             5                    COMPLAINT FOR
                                                                 DAMAGES - WRONGFUL DEATH

packing, and replacing them with the new materials during ordinary maintenance operations would disturb the asbestos materials, releasing asbestos into the air.

11.    At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them, singularly and jointly, negligently and carelessly researched, tested or failed to test, warned or failed to warn, manufactured and/or caused to be manufactured, designed, developed, distributed, labeled, advertised, marketed, warranted, inspected, repaired, fabricated, assembled, installed, modified, handled, disturbed, serviced, and sold a certain substance, the generic name of which is asbestos, and/or other products containing said substance, and said substance was capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers and others, while being used in a manner reasonably foreseeable, thereby rendering said substances unsafe and dangerous for use by the consumers, users, bystanders or workers exposed thereto;

12.    Plaintiffs' decedent was exposed to asbestos and asbestos products referred to in paragraph 10, in a manner that was reasonably foreseeable.

13.    As a direct and proximate result of the conduct of the **ASBESTOS DEFENDANTS**, and each of them, as aforesaid, the exposure to asbestos caused plaintiffs' decedent to contract mesothelioma (cancer) from which he died on December 22, 2006.

14.    Plaintiffs did not learn of the causal relationship between decedent's exposure to asbestos and her death until less than one year before the date on which this complaint was filed.

15.    Plaintiffs are the heirs of RONALD HEWITT, deceased, herein referred to as "decedent", as follows:

|  |  |
|---|---|
| JO GUNTER HEWITT | Spouse |
| SUSAN SIMPSON | Daughter |
| RHONDA KNIGHT | Daughter |

16.     As a result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, decedent's heirs have sustained pecuniary loss resulting from the loss of love, comfort, society, attention, services and support of decedent in a sum in invoking the unlimited jurisdictional limits of the Court.

17.     As a further result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, and the death of decedent, plaintiffs herein have incurred funeral and burial expenses in an amount to be subsequently ascertained.

18.     Plaintiffs have lost pre-judgment interest pursuant to Civil Code Section 3288, the exact amount of which plaintiff prays leave to insert herein when finally ascertained.

19.     As a further direct and proximate result of the said conduct of **ASBESTOS DEFENDANTS**, and each of them, plaintiff has incurred, and will incur, loss of income, wages, pension, profits and commissions, a diminished earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to plaintiff; and leave is requested to amend this Complaint to conform to proof at the time of trial.

20.     Defendant **TODD SHIPYARDS CORPORATION** negligently failed to warn decedent and others similarly situated that the asbestos containing products and materials in use by its workers, hired contractors and sub-contractors, from which decedent Ronald Hewitt suffered harmful exposures to airborne asbestos fibers, were in fact harmful and deadly and could lead asbestos-related illnesses including but not limited to mesothelioma. **TODD SHIPYARDS CORPORATION** employees and its subcontractors negligently exposed decedent Ronald Hewitt to airborne asbestos fibers through working with asbestos-containing materials in his presence at **TODD SHIPYARDS CORPORATION** in San Pedro, CA. **TODD SHIPYARDS CORPORATION** owned this facility, controlled the facility and its employees and the contractors **TODD SHIPYARDS CORPORATION** hired directly exposed decedent to harmful asbestos fibers and failed to warn decedent of the hazardous condition it created and **TODD SHIPYARDS CORPORATION** knew or reasonably should have known of the hazards of

asbestos. Pursuant to _Westbrook v. Asbestos Defendants_, 2001 U.S.Dist. Lexis 11575, **TODD SHIPYARDS CORPORATION** failed to warn decedent that the asbestos-containing products its employees and subcontractors were using were harmful to decedent and others similarly situated. As such, **TODD SHIPYARDS CORPORATION** negligently retained control of the ___ ___tractors that exposed decedent to this harmful condition. **TODD SHIPYARDS CORPORATION** reasonably should have warned dec___ ___nt of the hazards created by **TODD SI.    .RDS CORPORATION** workers and **TODD SHIPYARDS CORPORATION'S** age___    ___ du___ to warn decedent about the hazards created directly by **TODD SHIPYARDS CORPORATION** and its agent___ ___dependent o_ any potential role the Navy might have played in specifying the use of asbestos containing materials on Navy Ships.

**TODD SHIPYARDS CORPORATION** should have recognized that the work of its employees and contractors would create during the progress of the work, dangerous, hazardous, and unsafe conditions which could or would harm decedent and others unless special precautions were taken.

**TODD SHIPYARDS CORPORATION** knew or had reason to know, that the contractors it had selected and hired to install, remove, abate or otherwise handle asbestos-containing materials were unfit or unqualified to do so

**TODD SHIPYARDS CORPORATION** failed to use reasonable care to discover whether the contractors it selected and hired to install, remove, abate or otherwise handle asbestos-containing materials were competent or qualified to do so.

WHEREFORE, plaintiffs pray judgment against **ASBESTOS DEFENDANTS**, and each of them, as hereafter set forth.

## SECOND CAUSE OF ACTION - STRICT LIABILITY

_AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFFS JO GUNTER HEWITT individually and as Personal_

*Representative to the Estate of RONALD HEWITT, decedent; SUSAN SIMPSON, RHONDA KNIGHT AND DOES ONE THROUGH TEN, INCLUSIVE, COMPLAIN OF THE ASBESTOS DEFENDANTS AND EACH OF THEM, AND ALLEGE AS FOLLOWS:*

20.    Plaintiffs reallege and incorporate herein by reference each of the proceeding paragraphs of this Complaint.

21.    ASBESTOS DEFENDANTS and each of them, researched, manufactured, tested or failed to test, warned or failed to warn, designed, labeled, distribut  advertised, ma     , warranted, modified, handled, disturbed, inspected, repaired, offered for sale     sold a certain substance, the generic name of which is asbestos and other products cont  ing said substance, which substance is defective, in that same was capable of causing and    , in fact, cause personal injuries and/or death including mesothelioma and other lung d      and cancer, to the users   d consumers thereof while being used in a reas         foreseeable manner, thereby rendering the same unsaf   nd dangerous f   se by consumers, users, bystanders and workers exposed thereto; said ASBESTOS DEFENDANTS, and each of  m, further failed to adequately warn of the risks to which decedent and others similarly situated were exposed.

22.    At all times herein mentioned, the ASBESTOS DEFENDANTS, and each of them were aware that the original gaskets and packing supplied with the steam pumps would need to be removed and replaced with new gaskets and packing during ordinary operation and maintenance of the steam pumps. Heat and pressure generated by operation of the steam pumps would affect the original and replacement gaskets and packing – e.g., making them brittle, friable and not reusable, making replacement necessary and dangerous. It was foreseeable that the process of removing old gaskets and packing, and replacing them with the new materials during ordinary maintenance operations would disturb the asbestos materials, releasing asbestos into the air.

23.    As a direct and proximate result thereof, decedent suffered the injuries from which he subsequently died and plaintiffs have suffered the injuries and damages previously alleged.

WHEREFORE, plaintiffs pray judgment against ASBESTOS DEFENDANTS, and each of them, as hereafter set forth.

F:\6139.Hewitt.Ronald\Complaint\complaint.wd.loc.asb.todd.do
c

9

COMPLAINT FOR
DAMAGES - WRONGFUL DEATH

## THIRD CAUSE OF ACTION - SURVIVAL ACTION

*AS AND FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION (SURVIVAL ACTION), PLAINTIFF JO GUNTER HEWITT as Personal Representative to the Estate of RONALD HEWITT, decedent;, COMPLAIN OF ASBESTOS DEFENDANTS, AND EACH OF THEM, AND FOR A CAUSE OF ACTION ALLEGES:*

24.    Plaintiffs incorporate by reference herein each and every paragraph of the First and Second Causes of Action of this Complaint, and makes them a part of this, the Third Cause of Action, as though fully set forth herein.

25.    Prior to his death, decedent RONALD HE      had a cause of action against ASBESTOS DEFENDANTS herein for personal injuries arising from his exposure to asbestos. On December 22, 2006, after the foregoing cause of action arose in his favor, RONALD HEWITT, who would have been the plaintiff in this action had lived, died.

26.    As a proximate result of the conduct of ASBESTOS DEFENDANTS, and them, decedent was required to, and did, employ physicians and surgeons to examine, treat and care for him and did incur medical and incidental expenses in a sum to be subsequently determined.

27.    As a further, direct and proximate result of the conduct of ASBESTOS DEFENDANTS, and each of them, decedent was prevented from attending to his usual occupation for a period of time and thereby incurred damages for loss of earnings in a sum to be subsequently determined.

28.    In researching, testing, manufacturing, distributing, labeling, and marketing said products, ASBESTOS DEFENDANTS in this cause of action named, and each of them, did so with conscious disregard for the safety of the users of said products, in that ASBESTOS DEFENDANTS had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including but not limited to mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which ASBESTOS

COMPLAINT FOR
DAMAGES - WRONGFUL DEATH

# THIRD CAUSE OF ACTION - SURVIVAL ACTION

*AS AND FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION*

*(SURVIVAL ACTION), PLAINTIFF JO GUNTER HEWITT as Personal Representative to the Estate of*

*RONALD HEWITT, decedent, COMPLAIN OF ASBESTOS DEFENDANTS, AND EACH OF THEM,*

*AND FOR A CAUSE OF ACTION AT ES:*

24.    Plaintiffs incorporate by reference herein each and every paragraph of the First and Second Causes of Action of this Complaint, and makes them a part of this, the Third Cause of Action, as though fully set forth herein.

25.    Prior to his death, decedent RONALD HEWITT had a cause of action against ASBESTOS DEFENDANTS herein for personal injuries arising from his exposure to asbestos.  On December 22, 2006, after the foregoing cause of action arose in his favor, RONALD HEWITT, who would have been the plaintiff in this action if he had lived, died.

26.    As a proximate result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, decedent was required to, and did, employ physicians and surgeons to examine, treat and care for him and did incur medical and incidental expenses in a sum to be subsequently determined.

27.    As a further, direct and proximate result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, decedent was prevented from attending to his usual occupation for a period of time and thereby incurred damages for loss of earnings in a sum to be subsequently determined.

28.    In researching, testing, manufacturing, distributing, labeling, and marketing said products, **ASBESTOS DEFENDANTS** in this cause of action named, and each of them, did so with conscious disregard for the safety of the users of said products, in that **ASBESTOS DEFENDANTS** had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including but not limited to mesothelioma.  Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which **ASBESTOS**

1   DEFENDANTS had access, as well as scientific studies performed by, at the request of, or with the

2   assistance of, said ASBESTOS DEFENDANTS, and which knowledge was obtained by said

3   ASBESTOS DEFENDANTS on or before 1933, and thereafter.

4          29.    On or before 1933, and thereafter, said ASBESTOS DEFENDANTS were aware that

5   users of asbestos and asbestos products, as well as members of the general public who would be

6   exposed to asbestos and asbestos products, had no knowledge or information indicating that asbestos

7   could cause injury, and said ASBESTOS DEFENDANTS knew that the users of asbestos and asbestos

8   products, as well as members of the general public who were exposed to asbestos and asbestos products,

9   would assume, and in fact did assume, that exposure to asbestos and asbestos products was safe, when

10  in fact said exposure was extremely haza____ ___ __ ____ __.

11

13          ___   with said knowledge, said ASBES___ OS DEFEN___ ___TS opted to manufacture and

14  distribute said asbestos and asbestos products without attempting t_ ___tect users from or warn users of

15  the high risk of injury or death resulting from exposure to asbestos a__ ___ ___ ___ ___ p___ ___

16  attempting to ___ ___users and workers from, or warn workers and users of, the high risk of injury

17  death resulting from exposure to asbestos and asbes___ ___oducts, ASBESTOS DEFEND___ ___

18  intentionally failed to reveal their knowledge of said risk, fraudulently, c___sciously and actively

19  concealed and suppressed said knowledge from members of the general public that asbestos and

20  asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of

21  said implied representations.

22

23          31.    The above referenced conduct of said ASBESTOS DEFENDANTS was motivated by

24  the financial interest of said ASBESTOS DEFENDANTS in the continuing, uninterrupted distribution

25  and marketing of asbestos and asbestos products. In pursuance of said financial motivation, said

26  ASBESTOS DEFENDANTS consciously disregarded the safety of the users of, and persons exposed

27  to, asbestos and asbestos products, and were in fact, consciously willing to permit asbestos and asbestos

28

1  products to cause injury to workers and users thereof, and persons exposed thereto, including plaintiff.

2
3      32.    As the above referenced conduct of said ASBESTOS DEFENDANTS was and is vile,

base, willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and indifference

4  to the safety and health of workers exposed to asbestos and asbestos products, including plaintiffs'

5  decedent, plaintiff, for the sake of example, and by way of punishing said ASBESTOS

6  DEFENDANTS, seeks punitive damages according to proof.

7              FOURTH CAUSE OF ACTION - LOSS OF CONSORTIUM

8      AS AND FOR A FURTHER FOURTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR

9  LOSS OF CONSORTIUM, PLAINTIFF JO GUNTER HEWITT, COMPLAINS OF ASBESTOS

10  DEFENDANTS, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

11     33.    Plaintiff JO GUNTER HEWITT realleges and incorporates herein by reference

12  the preceding paragraphs of this Complaint.

13     34.    Plaintiff JO GUNTER HEWITT was at all relevant times the lawfully wedded spouse of

14  decedent RONALD HEWITT.

15     35.    As a direct and proximate result of the conduct of ASBESTOS DEFENDANTS, and

16  each of them, and of the severe injuries caused thereby to decedent prior to his death, as hereinabove

17  alleged, plaintiff JO GUNTER HEWITT suffered loss of consortium, including, but not by way of

18  limitation, loss of services, marital relations, society, comfort, companionship, love and affection of his

19  said spouse, and has suffered severe mental and emotional distress and general nervousness as a result

20  thereof.

21     36.    Plaintiff JO GUNTER HEWITT, as a result of the foregoing described injuries to her

22  said spouse, has been generally damaged in a sum invoking the unlimited jurisdiction of the Court.

23     WHEREFORE, plaintiffs pray judgment against ASBESTOS DEFENDANTS and each of

24  them as follows:

25     1. For general damages according to proof;

26     2. For burial expenses according to proof;

27     3. For medical and related expenses according to proof;

28

F:\6139. Hewitt Ronald\Complaint\complaint.wd.loc.asb.redd.do
c

12

COMPLAINT FOR
DAMAGES - WRONGFUL DEATH

4. For loss of income according to proof;

5. For punitive damages according to proof;

6. For loss of care, comfort and society.

7. For plaintiffs' costs of suit herein; and,

8. For such other and further relief as this Court deems just and proper, including costs as provided in CCP § 998, CCP § 1032 and related provisions of law.

DATED: May 18, 2007

LEVIN SIMES KAISER & GORNICK, LLP

_____
SHANNON S. PATEL
Attorney for Plaintiffs

SUM-100

SECOND AMENDED

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST;
SEE ATTACHMENT FOR ADDITIONAL DEFENDANTS

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JO GUNTER HEWITT, individually and on Behalf of the
Estate of RONALD HEWITT, de....ert; SUSAN SIMPSON;
RHONDA KNIGHT AND DOES ..., th.... TEN, inclusive

You have 30 CALEN... DAYS afte... ...s summons and legal papers are s... ... you to file a ... ...se at this ... ...ve a copy served on the ... ...ntiff ... ...er or phone call will not protect you. Y... ...response must be ... ... ...f you want court to hear your case. There may be a court form that you can use for ... ... ...ourthouse information... ... California Courts Online Self-Help Center (www.cou....no.ca.go ...selfh... ... ... ... If you do not file your resp... ... time, you may nearest you. If you cannot pay the filing fee, ask the court clerk for ... ...ee waiver for... If you do not file your resp... ... time, you may lose the cas... ... fault, and your wages, money, and prope... ...may be taken without further warning from the court.

There a... ...other legal requirements. You may wa... ...call an attorney right away. If you do not know an attorney, you may wa... ... attorne... ...errai service ... If you ...nno...ffo... an att... ...ou may be eligible for free legal services from a nonprofit legal se... progra... You can locat... ...ese non... ...at the California Legal Services Web site (www.lawhelpcalifornia.org), the C... Courts Online Self-Help Center (www...ourtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALEN... después de que le entreguen esta citación y papeles legales para presentar una respuesta por esc...* ...n esta corte y hacer que se entre...ue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta puede pagar la ...ota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiemp..., puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos le...les. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a aboga....* Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelp....lifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o ...niéndose en ...ntacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es:)* <br> SUPERIOR COURT OF CALIFORNIA <br> 400 MCALLISTER STREET <br><br> SAN FRANCISCO, CA 94102 | CASE NUMBER: <br> *(número del Caso):* CGC 06 449838. |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JEFFREY A. KAISER    (SBN 160594)
LEVIN SIMES KAISER & GORNICK, LLP
44 MONTGOMERY STREET, 36TH FLOOR
SAN FRANCISCO, CA 94104

DATE: _____ Clerk, by _____, Deputy
*(Fecha)* MAY 2 3 2007                     *(Secretario)*            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):*

   under: [X] CCP 416.10 (corporation)      [  ] CCP 416.60 (minor)
          [  ] CCP 416.20 (defunct corporation)   [  ] CCP 416.70 (conservatee)
          [  ] CCP 416.40 (association or partnership)  [  ] CCP 416.90 (authorized person)

          [  ] other *(specify):*
4. [  ] by personal delivery on *(date):*

(SEAL)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Attachment to Summons

1

2    JO GUNTER HEWITT, individually and on Behalf            )    No. CGC 06 449838
3    the Estate of RONALD HEWITT, decedent; SUSAN           )
     SIMPSON; RHONDA KNIGHT AND DOE ONE                     )
4    through TEN, inclusive,                                 )
                                                            )
5                    PLAINTIFFS,                             )
                                                            )
6                    VS.                                     )
                                                            )
7                                                           )
                                                            )
8    ALLIS CHALMERS CORPORATION PRODUCT                     )
     LIABILITY TRUST;                                       )
9    PLANT INSULATION COMPANY;                              )
     SULZER PUMPS (US) INC., INDIVIDUALLY AND AS           )
10   SII TO BINGHAM INTERNATIONAL, INC.;                    )
     THORPE INSULATION COMPANY;                             )
11   UNIROYAL, INC.;                                        )
12   TODD SHIPYARDS CORPORATION                             )
     AND THE ELEVENTH DOE THROUGH THREE                     )
13   HUNDREDTH DOE, INCLUSIVE,                              )
                                                            )
14                   DEFENDANTS.                            )

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1  JEFFREY A. KAISER, ESQ. [SBN 160594]
   SHANNON S. PATEL, ESQ. [SBN 239314]
2  **LEVIN SIMES KAISER & GORNICK, LLP**
   44 Montgomery Street, 36th Floor
3  San Francisco, California 94104
   Telephone    (415) 646-7160
4  Facsimile    (415) 981-1270

5  Attorneys for Plaintiffs
   JO GUNTER HEWITT, et al.

6

7                    SUPERIOR COURT OF CALIFORNIA
                        COUNTY OF SAN FRANCISCO
8                       (UNLIMITED JURISDICTION)

9

10 JO GUNTER HEWITT, et al,              )    No. CGC 06 449838
                                         )
11            Plaintiffs,                )    PRELIMINARY FACT
                                         )    SHEET NEW FILING/
12    vs.                                )    ASBESTOS LITIGATION
                                         )    (See General Order No. 129)
13 ALLIS CHALMERS CORPORATION            )    In Re Complex Asbestos
   PRODUCT LIABILITY TRUST, et al.,      )    Litigation
14                                       )
15            Defendants.                )

16                          N O T I C E

17 **TO NEW DEFENDANTS SERVED IN COMPLEX ASBESTOS LITIGATION IN THE
   SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA,**
18 **CITY AND COUNTY OF SAN FRANCISCO:**

19        You have been served with process in an action which has been designated by the Court as

20 complex litigation pursuant to Standard 19 of the Standards of Judicial Administration.  This

21 litigation bears the caption "In Re: Complex Litigation," [San Francisco Superior Court No.

22 828684].

23        This litigation is governed by various general orders, some of which affect the judicial

24 management and/or discovery obligations, including the responsibility to answer interrogatories

25 deemed propounded in the case.  You may contact the Court or Designated Defense Counsel,

26 Berry & Berry, Station D, Post Office Box 16070 (2930 Lakeshore Ave.), Oakland, California

27 94610; Telephone: (510) 250-0200; FAX: (510) 835-5117 for further information and/or copies of

28 these orders, at your expense.

---

I:\6139.Hewitt.Ronald\Complaint\compl.fact.sheet.doc       -1-                    PRELIMINARY FACT SHEET

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**MAY 18 2007**
GORDON PARK-LI, Clerk
BY: JUDITH NUNEZ
Deputy Clerk

1.    State the complete name and address of each person whose claimed exposure to asbestos is the basis of this lawsuit ("exposed person"):

**RONALD HEWITT, DECEDENT**

2.    Does plaintiff anticipate filing a motion for preferential trial date within the next four months? _____ Yes      __X__ No

3.    Date of birth of each exposed person in item one and, if applicable, date of death:

**Date of Birth: September 4, 1936          Date of Death: December 22, 2006**

Social Security Number of each exposed person:    **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**

4.    Specify the nature or type of asbestos-related disease alleged by each exposed person:

____ Asbestosis                    __X__ Mesothelioma

____ Pleural Thickening/Plaques    ____ Other Cancer: Specify: _____

Lung Cancer Other Than Mesothelioma    Other: Specify: _____

5.    For purposes of identifying the nature of exposure allegations involved in this action, please check one or more:

____Shipyard        ____Construction    ____ Friction-Automotive

____Premises        ____ Aerospace      __X__Military

____Other: Specify all that apply: Self-employed landscaper

If applicable, indicate which exposure allegations apply to which exposed person.

6.    Identify each location alleged to be a source of an asbestos exposure, and to the extent known, provide the beginning and ending year(s) of each such exposure. Also specify each exposed person's employer and job title or job description during each period of exposure. (For example: "San Francisco Naval Shipyard - Pipefitter - 1939-1948"). Examples of locations of exposure might be a specific shipyard, a specific railroad maintenance yard, or perhaps more generalized descriptions such as "merchant Marine" or "construction." If an exposed person claims exposure during only a portion of a year, the answer should indicate that year as the

beginning and ending year (e.g., 1947-1947).

| Employer & Dates | Jobsite(s) | Job Duties |
|---|---|---|
| **US Navy** 1955-1968 | USS Epperson DD-179 USS Shields DD-596 USS Perkins DD-877 NAS-Kingsville, TX USS Ajax AR-6 USS Ashtabula AD-51 Pearl Harbor, HI San Diego, CA Many U.S. Navy ships, Japan San Francisco, CA Long Beach, CA | Machinist mate on ships; ground support for fighter jets at Kingsville, TX |
| **Fleet Reserve** 1968-1981 | San Diego, CA; Long Beach, CA | Unknown at this time |
| **Hurst, Texas Police Dept.** 1968-1980 | Hurst, TX | Patrol officer |
| **Freeport Gold Mine** 1980-1983 | Elko, NV | Smelters assistant |
| **Haltom City, Texas Police Dept.** 1983-1995 | Haltom City, TX | Criminal investigator |

7.      For each exposed person who:

        a.      worked in the United States or for a U. S. agency outside the territorial United

States, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully

executed Social Security Earnings authorization (Exhibit N-4 to General Order No. 129);

        b.      may have had a Social Security disability award or is no longer employed and

whose last employment was not with a United States government agency, attach to the copy of this

fact sheet provided to Designated Defense counsel a fully executed Social Security Disability

authorization (Exhibit N-5 to General Order No. 129);

        c.      served at any time in the United States military, attach to the copy of this fact sheet

provided to the Designated Defense counsel two fully executed originals of the stipulation (Exhibit

1    N-3 to General Order No. 129);

2          d.    was employed by the United States government in a civilian capacity, attach to the

3    copy of this fact sheet provided to Designated Defense counsel two fully executed originals of the

4    stipulation (Exhibit N-3 to General Order No. 129).

5    8.    If there is a wrongful death claim, attach to the copy of this fact sheet provided to

6    Designated Defense Counsel a copy of the death certificate, if available. If an autopsy report was

7    done, also attach a copy of it to the copy of this fact sheet provided to Designated Defense

8    Counsel.

9    9.    State the date of the filing of the initial complaint in this matter: February 27, 2006.

10

11   DATED: May 18, 2007          LEVIN SIMES KAISER & GORNICK, LLP

12

13                                BY    _____
                                        SHANNON S. PATEL
14                                      Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# COUNTY OF HOOD

CERTIFICATION OF VITAL RECORDS

**STATE OF TEXAS** — CERTIFICATE OF DEATH — **STATE FILE NUMBER**

1. LEGAL NAME OF DECEASED: Ronald    Arthur    Hewitt

2. DATE OF DEATH: December 22, 2006

- SEX: Male
- DATE OF BIRTH: September 04, 1936
- AGE: 70
- SOCIAL SECURITY NUMBER: 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
- MARITAL STATUS AT TIME OF DEATH: Married
- BIRTHPLACE: Fort Worth, Texas
- RESIDENCE STREET ADDRESS: 9010 W. Hwy 377
- COUNTY: Hood
- STATE: Texas
- ZIP CODE: 76476
- CITY OR TOWN: Tolar

11. FATHER'S NAME: Noble Hewitt

- MOTHER'S NAME PRIOR TO FIRST MARRIAGE: Gertrude Zwirr
- PLACE OF DEATH: 
- COUNTY OF DEATH: Hood
- CITY OR TOWN: Tolar 76476
- FACILITY NAME: 9010 W. Hwy 377

17. INFORMANT'S NAME & RELATIONSHIP TO DECEASED: Mrs. Jo Hewitt - Wife

- MAILING ADDRESS OF INFORMANT: 9010 W. Hwy 377, Tolar TX 76476

18. METHOD OF DISPOSITION: Burial

- SIGNATURE AND LICENSE NUMBER OF FUNERAL DIRECTOR OR PERSON ACTING AS AGENT: Gregg Allen    11716
- 30
- Unknown

22. PLACE OF DISPOSITION: Laurel Land Memorial Park

- LOCATION: Fort Worth, Texas
- 79

24. NAME OF FUNERAL FACILITY: Laurel Land Funeral Home Ft Worth, Inc.

- 7100 Crowley Road, Fort Worth, TX 76134

26. CERTIFIER:
- PRONOUNCING PHYSICIAN

27. SIGNATURE OF CERTIFIER:

- PRINTED NAME AND ADDRESS OF CERTIFIER: Christopher Ellis, MD, 2121 Hwy 377 E. Granbury, TX 76049
- LICENSE NUMBER: 23537
- TIME OF DEATH: 09:08 AM
- TITLE OF CERTIFIER: MD

PART I. 
- IMMEDIATE CAUSE: 
- Approximate interval onset to death

4 months

PART II. OTHER SIGNIFICANT CONDITIONS

- WAS AN AUTOPSY PERFORMED? No
- WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? No

MANNER OF DEATH: Natural

- DID TOBACCO CONTRIBUTE TO DEATH?
- IF FEMALE:
- IF TRANSPORTATION INJURY:

- DATE OF INJURY:
- TIME OF INJURY:
- INJURY AT WORK?
- PLACE OF INJURY:
- LOCATION:
- COUNTY OF INJURY:
- DESCRIBE HOW INJURY OCCURRED:

42a. REGISTRAR FILE NO: 01-359-2006

42b. DATE RECEIVED BY LOCAL REGISTRAR: JAN 12 2007

- REGISTRAR:

VOL. 26 PAGE 072

S35992

This is to certify that this is a true and correct reproduction of the name and birth facts as recorded in this office, issued under authority of Section 191.051, Health & Safety Code.

DATE ISSUED   JAN 12 2007

Sally Oubre, County Clerk
Hood County, Texas

WARNING: IT IS ILLEGAL TO DUPLICATE THIS COPY.
ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

VS-112 REV 12/2006

# EXHIBIT C

CT CORPORATION
A WoltersKluwer Company

Case 3:07-cv-03474-SI    Document 7    Filed 07/09/2007    Page 34 of 34

Service of Process
Transmittal
06/04/2007
Log Number 512280319

TO:     MICHAEL G MARSH
        Todd Shipyards Corporation
        1801 16th Avenue SW
        Seattle, WA, 98134-

RE:     **Process Served in Delaware**

FOR:    Todd Shipyards Corporation (Domestic State: DE)



**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jo Gunter Hewitt, Individually and on behalf of the Estate of Ronald Hewitt, deceased, et al., Pltfs. vs. Allis Chalmers Corporation Product Liability Trust, et al. including Todd Shipyards Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Second Amended Summons, Fact Sheet, Attachment, Second Amended Complaint |
| **COURT/AGENCY:** | San Francisco County: Superior Court, CA<br>Case # CGC06-449838 |
| **NATURE OF ACTION:** | Asbestos Litigation - Fatal Injury/Wrongful Death |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/04/2007 at 15:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Shannon S. Patel<br>Levin Simes Kaiser & Gornick, LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA, 94104<br>415-646-7160 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 798689019317 |
| **SIGNED:** | The Corporation Trust Company |
| **PER:** | Scott LaScala |
| **ADDRESS:** | 1209 Orange Street<br>Wilmington, DE, 19801 |
| **TELEPHONE:** | 302-658-7581 |

Page 1 of 1 / JH

Information displayed on this Transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.