SCHIFF HARDIN LLP
JOHN S. WORDEN (CSB #142943)
ALEX P. CATALONA (CSB #200901)
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105
Telephone:    (415) 901-8700
Facsimile:    (415) 901-8701

Attorneys for Defendant
SULZER PUMPS (US) INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JO GUNTER HEWITT, individually and on Behalf of the Estate of RONALD HEWITT, decedent; SUSAN SIMPSON; RHONDA KNIGHT and DOES ONE through TEN, inclusive,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST, et al.,<br><br>Defendants. | Case No.: 3:07-CV-03474-JCS<br><br>**ANSWER OF DEFENDANT TO PLAINTIFFS' UNVERIFIED SECOND AMENDED COMPLAINT FOR WRONGFUL DEATH** |

   Defendant SULZER PUMPS (US) INC. answers Plaintiffs' unverified Complaint on its own behalf and on behalf of no other defendant as follows:

### ANSWER

   1.   Answering Paragraph 1 of the Complaint, SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

   2.   Answering Paragraph 2 of the Complaint, SULZER PUMPS (US) INC. denies that SULZER PUMPS (US) INC. was the agent, servant, employee and/or joint

venturer of her co-defendants. SULZER PUMPS (US) INC. further denies that SULZER PUMPS (US) INC., at all said times, was acting in the full course and scope of said agency, service, employment and/or joint venture. Except as expressly admitted herein, SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

3. Answering Paragraph 3 of the First-Amended Complaint. SULZER PUMPS (US) INC. admits that it is a corporation incorporated under the laws of Delaware, with its principal place of business in the State of Oregon. SULZER PUMPS (US) INC. further admits that SULZER PUMPS (US) INC. is authorized to conduct business in California, but denies it is specifically conducting business in the County of San Francisco. Except as expressly admitted herein, SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION - NEGLIGENCE
### (Wrongful Death)

4. Answering Paragraph 4 of the Complaint, SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5. Answering Paragraph 5 of the Complaint, SULZER PUMPS (US) INC. denies that SULZER PUMPS (US) INC. was the agent, servant, employee and/or joint venturer of her co-defendants, SULZER PUMPS (US) INC. further denies that SULZER PUMPS (US) INC., at all said times, was acting in the full course and scope of said agency, service, employment and/or joint venture. Except as expressly admitted herein, SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on

that basis denies each and every allegation contained therein.

6. Answering Paragraph 6 of the Complaint, SULZER PUMPS (US) INC. admits that it is a corporation incorporated under the laws of Delaware, with its principal place of business in the State of Oregon. SULZER PUMPS (US) INC. further admits that SULZER PUMPS (US) INC. is authorized to conduct business in California, but denies it is specifically conducting business in San Francisco. Except as expressly admitted herein, SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

7. Answering Paragraph 7 of the Complaint, SULZER PUMPS (US) INC. denies that SULZER PUMPS (US) INC. was a successor in interest to a business that was in the business of selling asbestos-containing products. Certain products may have contained component parts which contained asbestos but which were manufactured by others. SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

8. Answering Paragraph 8 of the Complaint, SULZER PUMPS (US) INC. denies that the Federal Courts lack jurisdiction over this matter or that removal is improper. SULZER PUMPS (US) INC. denies that venue is proper in this district under 28 U.S.C. Section 1391 (a)(2). SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

9. Answering Paragraph 9 of the Complaint, SULZER PUMPS (US) INC. denies that SULZER PUMPS (US) INC. was in the business of selling asbestos-containing products. Certain products may have contained component parts which contained asbestos but which were manufactured by others. SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the

1  remaining allegations contained in said paragraph, and on that basis denies each and
2  every allegation contained therein.
3      10.  Answering Paragraph 10 of the Complaint, SULZER PUMPS (US) INC.
4  denies generally and specifically, each and every allegation therein.
5      11.  Answering Paragraph 11 of the Complaint, SULZER PUMPS (US) INC.
6  denies generally and specifically, each and every allegation therein.
7      12.  Answering Paragraph 12 of the Complaint, SULZER PUMPS (US) INC. is
8  without sufficient knowledge form a belief as to the truth of the allegations contained in
9  said paragraph, and on each and every allegation contained therein.
10     13.  Answering Paragraph 13 of the Complaint, SULZER PUMPS (US) INC. is
11  without sufficient knowledge or information to form a belief as to the truth of the
12  allegations contained in said paragraph, and on that basis denies each and every
13  allegation contained therein.
14     14.  Answering Paragraph 14 of the Complaint. SULZER PUMPS (US) INC. is
15  without sufficient knowledge to form a belief as to the truth of the allegations contained in
16  said paragraph, and on that basis denies each and every allegation contained therein.
17     15.  Answering Paragraph 15 of the Complaint. 1ODD is without sufficient
18  knowledge or information to form a belief as to the truth of the allegations contained in
19  said paragraph, and on that basis denies each and every allegation contained therein.
20     16.  Answering Paragraph 16 of the Complaint, SULZER PUMPS (US) INC. is
21  without sufficient knowledge or information to form a belief as to the truth of the
22  allegations contained in said paragraph, and on that basis denies each and every
23  allegation contained therein.
24     17.  Answering Paragraph 17 of the Complaint, SULZER PUMPS (US) INC. is
25  without sufficient knowledge or information to form a belief as to the truth of the
26  allegations contained in said paragraph, and on that basis denies each and every
27  allegation contained therein.
28     18.  Answering Paragraph 18 of the Complaint, SULZER PUMPS (US) INC. is

1 without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19. Answering Paragraph 19 of the Complaint, SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20. Answering Paragraph 20 of the Complaint, SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION – STRICT LIABILITY

20. Answering Paragraph 20 of the Complaint, SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21. Answering Paragraph 21 of the Complaint, SULZER PUMPS (US) INC. denies generally and specifically, each and every allegation therein.

22. Answering Paragraph 22 of the Complaint. SULZER PUMPS (US) INC. denies generally and specifically, each and every allegation therein.

23. Answering Paragraph 23 of the Complaint, SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION - SURVIVAL ACTION

24. Answering Paragraph 24 of the Complaint, SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35172.35172-0001
664111.1
- 5 -
ANSWER OF DEFENDANT TO PLAINTIFFS' UNVERIFIED SECOND AMENDED COMPLAINT FOR WRONGFUL DEATH

allegation contained therein.

25. Answering Paragraph 25 of the Complaint, SULZER PUMPS (US) INC. denies that decedent Ronald Hewitt had any lawsuit pending against SULZER PUMPS (US) INC. before he died. As to the remaining allegations, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

26. Answering Paragraph 26 of the Complaint, SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and even allegation contained therein.

27. Answering Paragraph 27 of the Complaint, SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

28. Answering Paragraph 28 of the Complaint, SULZER PUMPS (US) INC. denies generally and specifically, each and every allegation therein.

29. Answering Paragraph 29 of the Complaint, SULZER PUMPS (US) INC. denies generally and specifically, each and every allegation therein.

30. Answering Paragraph 30 of the Complaint, SULZER PUMPS (US) INC. denies generally and specifically, each and every allegation therein.

31. Answering Paragraph 31 of the Complaint, SULZER PUMPS (US) INC. denies generally and specifically, each and every allegation therein.

32. Answering Paragraph 32 of the Complaint, SULZER PUMPS (US) INC. denies generally and specifically, each and every allegation therein.

## FOURTH CAUSE OF ACTION - LOSS OF CONSORTIUM

33. Answering Paragraph 33 of the Complaint, SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every

allegation contained therein.

34. Answering Paragraph 34 of the Complaint, SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

35. Answering Paragraph 35 of the Complaint, SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and even allegation contained therein.

36. Answering Paragraph 36 of the Complaint, SULZER PUMPS (US) INC. is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and even allegation contained therein.

### FIRST AFFIRMATIVE DEFENSE

Neither the Complaint nor any purported cause of action alleged by the Plaintiffs therein states facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

To the extent the Complaint asserts Defendant's alleged "market share" liability, or "enterprise liability," the Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### THIRD AFFIRMATIVE DEFENSE

Neither the Complaint nor any purported cause of action alleged therein states facts sufficient to entitle Plaintiffs to an award of punitive damages against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

The imposition of any punitive damages in this matter would deprive Defendant of its property without due process of law under the California Constitution and United States Constitution.

SCHIFFHARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35172.35172-0001
664111.1

- 7 -

ANSWER OF DEFENDANT TO PLAINTIFFS' UNVERIFIED SECOND AMENDED COMPLAINT FOR WRONGFUL DEATH

### FIFTH AFFIRMATIVE DEFENSE

The imposition of any punitive damages in this matter would violate the United States Constitution's prohibition against laws impairing the obligation of contracts.

### SIXTH AFFIRMATIVE DEFENSE

The imposition of any punitive damages in this matter would constitute a criminal fine or penalty and should, therefore, be remitted on the ground that the award violates the United States Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' action, and each alleged cause of action, is barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure, Sections 338, 339, 340.2, 343, 361, and 474 and California Commercial Code, Section 2725 and including any applicable statute of limitation and/or statute of repose of the state of Plaintiffs' residence if not California.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs unreasonably delayed in bringing this action, without good cause therefor, and thereby have prejudiced Defendant as a direct and proximate result of such delay; accordingly, this action is barred by laches.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' decedent was negligent in and about the matters alleged in the Complaint and in each alleged cause of action; this negligence proximately caused, in whole or in part, the damages alleged in the Complaint. In the event Plaintiffs are entitled to any damages, the amount of these damages should be reduced by the comparative fault of Plaintiffs' decedent and any person whose negligent acts or omissions are imputed to Plaintiffs.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' decedent knowingly, voluntarily and unreasonably undertook to encounter each of the risks and hazards, if any, referred to in the Complaint and each alleged cause of action, and this undertaking proximately caused and contributed to any

loss, injury or damages incurred by Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

Any loss, injury or damage incurred by Plaintiffs was proximately caused by the negligent or willful acts or omissions of parties whom Defendant neither controlled nor had the right to control, and was not proximately caused by any acts, omissions or other conduct of Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

The products referred to in the Complaint were misused, abused or altered by Plaintiffs' decedent or by others; the misuse, abuse or alteration was not reasonably foreseeable to Defendant, and proximately caused any loss, injury or damages incurred by Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that its products were manufactured, produced, supplied, sold and distributed in mandatory conformity with specifications promulgated by the United States Government and/or other foreign government under its war powers, as set forth in its Constitution, and/or laws of that country, and that any recovery by Plaintiffs on the Complaint on file herein is barred in consequence of the exercise of those sovereign powers.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and their decedent failed to exercise due diligence to mitigate their loss, injury or damages; accordingly, the amount of damages to which Plaintiffs are entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the matters alleged in the Complaint because the Complaint and each alleged cause of action against Defendant is barred by the provisions of California Labor Code, Section 3601, et seq.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, Plaintiffs' decedent was employed and he was entitled to receive Workers' Compensation benefits from his employer; that Plaintiffs' decedent's employer, other than Defendant, was negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employer proximately and concurrently contributed to any loss or damage complained of by Plaintiffs, if any there were; and that by reason thereof Defendant is entitled to set off any such benefits to be received by Plaintiffs against any judgment which may be rendered in favor of Plaintiffs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Discovery may show that at the time of the injuries alleged in the Complaint, Plaintiffs' decedent was employed by and entitled to Workers' Compensation benefits from Defendant; such benefits constitute Plaintiffs' exclusive remedy pursuant to Labor Code section 3600 et seq.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, Plaintiffs' decedent's employers were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employers proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by Plaintiffs, if any there were; and that Defendant is not liable for said employers' proportionate share of non-economic damages.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, parties other than this Defendant were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said parties proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by Plaintiffs, if any there were; and that Defendant herein shall not be liable for said parties' proportionate share of non-economic damages.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant alleges that at all times relevant to matters alleged in the Complaint, Plaintiffs' decedent's employer was a sophisticated user of asbestos-containing products and the employer's negligence in providing the product to its employees in a negligent, careless and reckless manner is a superseding cause of Plaintiffs' injuries.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

If Plaintiffs or their decedent have received, or in the future may receive, Workers' Compensation benefits from Defendant under the Labor Code of the State of California as a consequence of the alleged industrial injury referred to in the Complaint, and in the event that Defendant is held liable to Plaintiffs, any award against Defendant must be reduced in the amount of all such benefits received by Plaintiffs or their decedent.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

If Plaintiffs or their decedent have received, or in the future may receive, Workers' Compensation benefits from Defendant under the Labor Code of the State of California as a consequence of the alleged industrial injury referred to in the Complaint, and in the event Plaintiffs are awarded damages against Defendant, Defendant claims a credit against this award to the extent that Defendant is barred from enforcing its rights to reimbursement for Worker's Compensation benefits that Plaintiffs or their decedent have received or may in the future receive.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

If Plaintiffs or their decedent have received, or in the future may receive Workers' Compensation benefits from Defendant under the Labor Code of the State of California as a consequence of the alleged industrial injury referred to in the Complaint, Defendant demands repayment of any such Workers' Compensation benefits in the event that Plaintiffs recover tort damages as a result of the industrial injury allegedly involved here.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Although Defendant denies the validity of Plaintiffs' claims, in the event those claims are held valid and not barred by the statute of limitations or otherwise, Defendant

asserts that cross-demands for money have existed between Plaintiffs and Defendant and the demands are compensated, so far as they equal each other, pursuant to California Code of Civil Procedure Section 431.70.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

At all times and places in the Complaint, neither Plaintiffs nor their decedent were in privity of contract with Defendant and said lack of privity bars Plaintiffs' recovery herein upon any theory of warranty.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery in that all products produced by Defendant were in conformity with the existing state-of-the-art, and as a result, these products were not defective in any manner.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant did not and does not have a substantial percentage of the market for the asbestos-containing products which allegedly caused Plaintiffs' injuries. Therefore, Defendant may not be held liable to Plaintiffs based on this Defendant's alleged percentage share of the applicable market.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant denies any and all liability to the extent that Plaintiffs assert Defendant's alleged liability as a successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, alter ego, equitable trustee, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos or a product which contains asbestos.

SCHIFFHARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35172.35172-0001
664111.1

- 12 -

ANSWER OF DEFENDANT TO PLAINTIFFS' UNVERIFIED SECOND AMENDED COMPLAINT FOR WRONGFUL DEATH

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant had no knowledge that any of the alleged activities of which Plaintiffs complain, and which allegedly were conducted on premises where this Defendant performed work, were unsafe or dangerous, and Defendant therefore did not have a duty to warn Plaintiffs regarding any such alleged dangers.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendant alleges that it was under no legal duty to warn Plaintiffs or their decedent of the hazards associated with the use of products containing asbestos. Defendant further alleges that the purchasers of said products, Plaintiffs' decedent's employer/s, his union/s or certain third parties yet to be identified, were knowledgeable and sophisticated users and were in a better position to warn Plaintiffs and their decedent of the risks associated with using products containing asbestos and, assuming a warning was required, it was the failure of such persons or entities to give such a warning that was the proximate and superseding cause of Plaintiffs damages, if any.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges that no conduct by or attributable to it was the cause in fact or the proximate cause of the damages, if any, suffered by Plaintiffs, nor a substantial factor in bringing about said damages.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges that its liability, if any, in this matter is extremely minor relative to the liability of various third parties and, therefore, the damages, if any, assessed against it should be proportionate to the degree, nature and extent of its fault.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs herein have failed to join indispensable parties and the complaint is thereby defective, and Plaintiffs are thereby precluded from any recovery whatsoever as prayed for herein.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that if Plaintiffs' or their decedent's claims were already

litigated and resolved in any prior action, Plaintiffs' claims herein are barred based on the primary right and res judicata doctrines which prohibit splitting a single cause of action into successive suits, and seeking new recovery for injuries for which the Plaintiffs or their decedent were previously compensated by alleged joint tortfeasors.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Pursuant to California Code of Civil Procedure sections 378 and 430.10(d), if it is determined that multiple Plaintiffs have been listed on this complaint, then this Defendant contends the Plaintiffs are misjoined. Because joinder is defective and improper, and Defendants will be prejudiced by having to proceed against different Plaintiffs with dissimilar cases, a single trial is unfair and a hardship, and separate trials on each individual cause of action should be ordered.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The matters alleged in this complaint are encompassed within and barred by a settlement and release agreement reached by the parties which operates as a merger and bar against any further litigation on matters raised or potentially raised in connection with the settlement and release.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs or their decedent have previously filed a dismissal in court dismissing all of their asserted claims, causes of action, and other theories of liability against this Defendant with prejudice, the matters alleged in this complaint are barred by retraxit.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs or their decedent have reached an accord with Defendant regarding this litigation and this accord was then properly satisfied, the claims, causes of action, theories of liability and matters alleged in this complaint are barred by the doctrine of accord and satisfaction.

WHEREFORE, Defendant prays:

(1)   That Plaintiffs take nothing by their Complaint;

(2) That Judgment be entered in favor of Defendant;

(3) For recovery of Defendant's costs of suit;

(4) For appropriate credits and set-offs; and

(5) For such other and further relief as the Court deems just and proper.

DATED: July 16, 2007                    SCHIFF HARDIN LLP

By _____
ALEX P. CATALONA
Attorneys for Defendant
SULZER PUMPS (US) INC.

# PROOF OF SERVICE
(JO GUNTER HEWITT, et al. v. ALLIS CHALMERS CORP. PRODUCT LIABILITY TRUST, et al.
United States District Court, Northern District of California Case No. 3:07-CV-03474-JCS)

I, the undersigned, declare:

I am a resident of the State of California and over the age of eighteen (18) years, and not a party to the within action. I am an employee of Schiff Hardin LLP, and my business address is One Market, Spear Street Tower, Thirty Second Floor, San Francisco, California 94105.

On the date below, I caused to be served the following document(s):

**ANSWER OF DEFENDANT TO PLAINTIFFS' UNVERIFIED SECOND AMENDED COMPLAINT FOR WRONGFUL DEATH**

☑ **BY E-FILING**: By electronically serving the document(s) via the ECF/PACER system on the recipients designated on the Transaction Receipt located on the CAND ECF/PACER website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 17, 2007, at San Francisco, California.

_____
DANIEL W. GUNN

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35172.35172-0001
664111.1