1  JEFFREY A. KAISER, ESQ., [SBN 160594]
   SHANNON S. JOHNSON, ESQ., [SBN 239314]
2  **LEVIN SIMES KAISER & GORNICK, LLP**
   44 Montgomery, 36th Floor
3  San Francisco, CA  94104
   Telephone:  (415) 646-7160
4  Fax:  (415) 981-1270

5  Attorneys for PLAINTIFFS
   JO GUNTER HEWITT, ET AL.
6

7

8                    **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10                    **SAN FRANCISCO DIVISION**

11

12  JO GUNTER HEWITT, individually and on )   Case No.  C 07-3474 SI
    Behalf of the Estate of RONALD A.       )
13  HEWITT, decedent; SUSAN SIMPSON;        )   **NOTICE OF MOTION AND MOTION**
    RHONDA KNIGHT; AND DOES ONE             )   **TO REMAND CASE TO CALIFORNIA**
14  through TEN, inclusive,                 )   **SUPERIOR COURT; AND FOR**
                                            )   **PAYMENT OF FEES AND COSTS [28**
15              Plaintiff,                  )   **U.S.C. §§1446, 1447(c)];**
                                            )   **MEMORANDUM OF POINTS AND**
16         vs.                              )   **AUTHORITIES; DECLARATION OF**
                                            )   **SHANNON S. JOHNSON; [PROPOSED]**
17  A. W. CHESTERTON COMPANY, et al.,       )   **ORDER**
                                            )
18              Defendants.                 )   Date:       September 14, 2007
                                            )   Time:       9:00 a.m.
19                                          )   Courtroom.: Courtroom 10, 19th Floor
                                            )               San Francisco, CA
20                                          )
                                            )   The Honorable Susan Illston
21  _____

22

23  TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

24          PLEASE TAKE NOTICE that on September 14, 2007 at 9:00 a.m. or as soon as thereafter as

25  this matter may be heard, in Courtroom 10, 19th Floor of the above-entitled Court, located at 450

26  Golden Gate Avenue, San Francisco, CA, 94102, plaintiffs JO GUNTER HEWITT, individually and

27  on Behalf of the Estate of RONALD A. HEWITT, decedent; SUSAN SIMPSON; RHONDA

28  KNIGHT, AND DOES ONE through TEN, will move the Court for an Order remanding this case to

1   the Superior Court of California in and for the City and County of San Francisco under 28 U.S.C.

2   §§1446 and 1447.  The motion will be, and is, based on the supporting Memorandum of Points and

3   Authorities, the Declaration of Shannon S. Johnson, such argument of counsel as may be presented at

4   the hearing thereof, and all papers and records on file herein.

5        By this motion, plaintiffs seek the immediate remand of this action to San Francisco Superior

6   Court on the grounds that this case cannot be removed to this Court under either Federal-question

7   jurisdiction [28 U.S.C. §§ 1331 and 1441(a)] or Federal-officer jurisdiction [28 U.S.C. § 1442(a)(1)].

8   Plaintiffs therefore, request payment of fees and costs in accordance with 28. U.S.C. § 1447(c).

9                              POINTS AND AUTHORITIES

10                              I. <u>INTRODUCTION</u>

11        On May 23, 2007, Plaintiffs filed suit in San Francisco Superior court seeking damages for

12   asbestos-caused wrongful death and loss of consortium.  Plaintiffs allege that decedent Ronald A.

13   Hewitt's terminal mesothelioma stemmed, in part, from his occupational exposure to asbestos-

14   containing products while working on premises owned or operated by TODD SHIPYARDS

15   CORPORATION (hereinafter "TODD") and in the vicinity of employees and contractors hired by

16   defendant TODD who were working with asbestos products.  Plaintiffs further allege that TODD's

17   employees and contractors negligently worked with asbestos, and that TODD failed to warn decedent

18   about the hazards its employees and those under its control created when working with asbestos.

19        TODD filed its Notice of Removal on July 3, 2007, claiming that this Court has subject-matter

20   jurisdiction under 28 U.S.C. § 1442(a)(1) on the ground that defendant TODD was acting under the

21   direction of agencies and officers of the United States government.  Defendant TODD further asserts

22   that it raises a colorable federal defense to the action under the government-contractor-immunity

23   doctrine.  However, as set forth below, TODD improperly removed plaintiffs' case and this Court

24   should grant Plaintiffs' Motion to Remand this case to state court, where jurisdiction properly lies.

25                              II. <u>STATEMENT OF FACTS</u>

26        Ronald Hewitt, a 69 year old retired police officer and criminal investigator, was diagnosed

27   with mesothelioma on January 24, 2006.  He and his wife Jo filed an asbestos personal injury and loss

28   of consortium lawsuit in San Francisco County Superior Court on February 27, 2006.  Mr. Hewitt's

1  principal exposures to asbestos occurred while his ships, the USS Epperson and the USS Ashtabula,

2  were overhauled at TODD's shipyard in San Pedro, CA in the late 1950s, and the late 1960s,

3  respectively.  (Declaration of Shannon S. Johnson, paragraph 2).

4      Mr. Hewitt died of mesothelioma on December 22, 2006, shortly after his trial date.  Mrs.

5  Hewitt and her children filed suit against TODD alleging causes of action for Wrongful Death, Strict

6  Liability, Negligence, Survival and Loss of Society.  (See Plaintiffs' Second Amended Complaint

7  Attached to the Declaration of Shannon S. Johnson as Exhibit "A").

8      Nowhere in Plaintiffs' complaint is a federal question raised or implied.  Plaintiffs very

9  carefully plead their cause of action against TODD.  In fact, Plaintiffs specifically referenced

10  Westbrook v. Asbestos Defendants, 2001 U.S. Dist. Lexis 11575 (N.D. CA. 2001), an unpublished

11  case in which the District Court remanded another asbestos case that TODD had wrongfully removed:

12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
Defendant **TODD SHIPYARDS CORPORATION** negligently failed to warn decedent and others similarly situated that the asbestos containing products and materials in use by its workers, hired contractors and sub-contractors, from which decedent Ronald Hewitt suffered harmful exposures to airborne asbestos fibers, were in fact harmful and deadly and could lead asbestos-related illnesses including but not limited to mesothelioma. **TODD SHIPYARDS CORPORATION** employees and its subcontractors negligently exposed decedent Ronald Hewitt to airborne asbestos fibers through working with asbestos-containing materials in his presence at **TODD SHIPYARDS CORPORATION** in San Pedro, CA.  **TODD SHIPYARDS CORPORATION** owned this facility, controlled the facility and its employees and the contractors **TODD SHIPYARDS CORPORATION** hired directly exposed decedent to harmful asbestos fibers and failed to warn decedent of the hazardous condition it created and **TODD SHIPYARDS CORPORATION** knew or reasonably should have known of the hazards of asbestos. Pursuant to *Westbrook v. Asbestos Defendants*, 2001 U.S.Dist. Lexis 11575, **TODD SHIPYARDS CORPORATION** failed to warn decedent that the asbestos-containing products its employees and subcontractors were using were harmful to decedent and others similarly situated. As such, **TODD SHIPYARDS CORPORATION** negligently retained control of the contractors that exposed decedent to this harmful condition.  **TODD SHIPYARDS CORPORATION** reasonably should have warned decedent of the hazards created by **TODD SHIPYARDS CORPORATION** workers and **TODD SHIPYARDS CORPORATION'S** agents.  This duty to warn decedent about the hazards created directly by **TODD SHIPYARDS CORPORATION** and its agents is independent of any potential role the Navy might have played in specifying the use of asbestos containing materials on Navy Ships.

27  
28  
**TODD SHIPYARDS CORPORATION** should have recognized that the work of its employees and contractors would create during the progress of the work, dangerous, hazardous, and unsafe conditions which could or would harm decedent and others unless

special precautions were taken.

**TODD SHIPYARDS CORPORATION** knew or had reason to know, that the contractors it had selected and hired to install, remove, abate or otherwise handle asbestos-containing materials were unfit or unqualified to do so.

**TODD SHIPYARDS CORPORATION** failed to use reasonable care to discover whether the contractors it selected and hired to install, remove, abate or otherwise handle asbestos-containing materials were competent or qualified to do so.

(See Plaintiffs' Complaint, attached to the declaration of Shannon S. Johnson as Exhibit "A" at

paragraph 20.)  Plaintiffs also expressly disavowed any claim that would support federal officer

removal:

The Federal Courts lack jurisdiction over this action and removal is therefore improper.  There is incomplete diversity of citizenship due to the presence of a California ASBESTOS DEFENDANT.  Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed.  This includes any claim arising from an act on a Federal Enclave as defined by Article I, section. 8, clause 17 of the United States Constitution.  This also includes any claim arising from any act or omission of the Untied States, any agency thereof, any officer of the United States, or a claim against any other person or entity that is based on an act that was performed under specific direction of the United States, any agency thereof or any Officer of the United States.  No claim of admiralty or maritime law is raised.  Plaintiffs sue no foreign state or agency.  Venue is proper in San Francisco County, Superior Court of California.

(See Plaintiffs' Complaint, attached to the declaration of Shannon S. Johnson as Exhibit "A" at

paragraph 8.)  TODD removed the case despite Plaintiffs disavowal of any federal claims and specific

state law allegations against TODD.

### III.  SUMMARY OF ARGUMENT

TODD's removal of this action is improper under both 28 U.S.C. § 1442(a)(1) and 28 U.S.C. §

1446 and the case must be remanded pursuant to 28 U.S.C. § 1447(c), which provides that "[i]f at any

time before a final judgment it appears that the district court lacks subject matter jurisdiction [over a

case removed from state court], the case shall be remanded."

TODD claims that removal is proper because it was acting under the direction of the U.S.

Navy and under a federal contract in using asbestos on its premises.  However, Plaintiffs' state law

claims do not emanate from the fact that asbestos-containing products were used on TODD's premises

1  by its employees and contractors but rather from the careless and reckless manner in which they were

2  used and because TODD never warned decedent about the known or knowable hazards of this work.

3  Regardless of whether the Navy specified the use of asbestos-containing thermal insulation on its

4  ships, companies such as TODD still had a duty to ensure that its employees and contractors followed

5  safe work practices and to warn bystanders such as the decedent regarding potential dangers associated

6  with the asbestos work that TODD employees and contractors were performing.

7      TODD's claim that removal is warranted based on government contractor immunity is equally

8  unsupported.  That defense requires a defendant to show that the government specifically controlled all

9  of the complained of behavior and affirmatively prohibited the defendant from providing any

10  warnings.  See e.g., In Re: Hawaii Federal Asbestos Cases, 960 F.2d 806 (9th Cir. 1992); Butler v.

11  Ingalls Shipbuilding, 89 F.3d 582 (9th Cir. 1996); Fung v. Abex Corporation, supra.

IV.  LEGAL ARGUMENT

A.    Federal Courts Should Strictly Construe Removals in Favor of a Plaintiff Seeking
       Redress in State Court

15  Removal statutes are to be strictly construed, and any doubts as to removal are to be resolved in

16  favor of remanding the case to state court.  See Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100

17  (1941); see also Gaus v. Miles, Inc., 980 F.2d 654, 566 (9th Cir. 1992) (There is a strong presumption

18  against removal jurisdiction, and federal jurisdiction should be rejected "if there is any doubt as to the

19  right of removal in the first instance.")  Moreover, the defendant seeking removal of an action to

20  federal court has the burden of establishing federal jurisdiction.  See Gaus, 980 F.2d at 566.

B.    Plaintiffs' Claims All Arise Under and Are Governed by State Law and Do Not Raise a
       Federal Question

23  Plaintiffs' claims involve no substantial questions of federal law.  Congress gave federal courts

24  jurisdiction over actions arising under the Constitution and laws of the United States to allow federal

25  courts to construe federal laws, not state tort law.  See Misner v. Cleveland Wrecking Co. of

26  Cincinnati, 25 F.Supp. 763, 764 (W.D.Md. 1938). There can be no federal-question jurisdiction unless

27  there exists, in fact, a federal question.  Id.  There is no federal question in a state-tort-law case such as

28  Hewitt's, which must be adjudicated with exclusive reference to state law.  The Ninth Circuit Court of

1  Appeals has clearly held that unless there exists a substantial question of federal law pled in the

2  complaint, there is no federal jurisdiction. See Galvez v. Kuhn, 933 F.2d 773, 776 (9th Cir. 1991)

3  (stating that when federal question does not appear on face of plaintiff's complaint, there is no

4  jurisdiction); see also Ultramar America Ltd. v. Dwelle, 900 F.2d 1412, 1415 (9th Cir. 1990) (finding

5  that removal is improper when right to relief is not necessarily dependant on construction of

6  substantial federal question).

7        C.    TODD's Acts That Form the Basis of Plaintiffs' Complaint Were not Performed Under

8                the Authority of an office or agency of the United States

9        TODD's removal is based on the alleged ground that when working on Navy ships, such as the

10 decedent's ships, it acted under the authority of an officer or agency of the United States.  Under 28

11 U.S.C. § 1442(a)(1), an action may be removed by "any officer of the United States or any agency

12 thereof, or person acting under him for any act under color of such office."  However, for removal to

13 be proper, TODD must show that the acts forming the very basis of the state tort-law case were

14 performed under a specific federal officer's direct orders, or that same officer's comprehensive and

15 detailed regulations.  Pack v. ACandS, Inc., 838 F.Supp. 1099, 1103 (D.Md. 1993); Ryan v. Dow

16 Chem. Co., 781 F.Supp. 934, 939 (E.D.N.Y. 1992).

17       A defendant claiming protection as a federal officer must demonstrate (1) that it acted under

18 the direction of a federal officer, (2) that it can raise a colorable federal defense, and (3) that there is a

19 causal nexus between plaintiffs' claims and the acts the defendant performed under the direction of the

20 federal officer.  Mesa v. California, 489 U.S. 121, 124-125; Fung v. Abex, 816 F.Supp. 569, 572 (N.D.

21 Cal. 1992).  A removing defendant must satisfy all three prongs before it can benefit from federal

22 officer immunity from state law claims.

23       1.    Todd did not act under the direction of a federal action in performing the negligent acts
              alleged by Plaintiffs

24       Illustrating stringent requirements for the first prong of the Mesa test is Good v. Armstrong

25 World Industries, Inc., 914 F.Supp. 1127 (E.D. Pa 1996).  In Good, defendant Westinghouse offered

26 evidence of contract documents, design and construction drawings of asbestos-containing turbines,

27 written specifications and personal oversight of "virtually every aspect" of its work by Navy officers

28

1    and civilian employees. Id. at 1128.  Nonetheless, the court determined that neither Westinghouse's

2    notice of removal nor its affidavit established that the Secretary of the Navy specified the use of

3    asbestos in the design and manufacture of its turbine-generators. Id.  The court ruled that

4    Westinghouse's showing was insufficient to avoid remand because working under naval supervision

5    "is not the same as acting under direct and detailed control of a federal officer."  Id.

6        Here, TODD failed to provide any evidence that it acted under the direct control of any federal

7    officer.  TODD offered no contracts, no instructions, no designs and no drawings to indicate that it

8    acted "under direct and detailed control of a federal officer."  TODD made only a general reference to

9    unnamed and nonspecific contracts with the U.S. Navy.  See Defendant's Notice of Removal, at page

10   4, paragraphs 8-9.  In fact, the record before this court is devoid of evidence that such contracts even

11   existed, much less that they subjected TODD to the "direct and detailed control of a Federal Officer."

12       Even if TODD could present evidence to show that the government specified the use of

13   asbestos-containing products on Navy vessels, TODD is not relieved from its duty to warn and its duty

14   to work safely with this toxic substance.  Put another way, the fact that the government generally

15   specified the use of asbestos products aboard its ships does not eviscerate TODD of its obligations to

16   implement safe work practices on its premises and to warn individuals on its premises about known or

17   knowable hazards when its employees and contractors work openly and freely with this toxic

18   substance.

19       2.    Todd Has Not Raised a Colorable Federal Defense

20       TODD contends that it is entitled to immunity for Decedent's injuries under the government-

21   contractor-immunity doctrine.  The parameters of this defense are detailed in Boyle v. United

22   Technologies Corporation, 487 U.S. 500 (1988).  Liability for design defects in military equipment

23   cannot be imposed under state law when: 1) the United State approved precise specifications; 2) the

24   equipment conformed to those specifications; and 3) the supplier warned the government about the

25   dangers in use of the equipment that were known to the supplier but not to the government.  Id. at 512.

26       The Ninth Circuit has observed that the military contractor's defense recognized in Boyle

27   amounts to a claim that "the government made me do it."  In Re: Hawaii Federal Asbestos Cases, 960

28   F.2d at 813 (9th Cir. 1992) citing, In Re: Joint E.S. Dist. N.Y. Asbestos Litig., 897 F.2d 626, 632 (2d

1    Cir. 1990)  For this reason, the defense only applies in narrow circumstances, and it will virtually

2    never override state law:

> *Boyle* displaces state law only when the government, making a discretionary, safety-related military procurement decision contrary to the requirements of state law, incorporates this decision into a military contractor's contractual obligations, thereby limiting the contractor's ability to accommodate safety in a different fashion.  Here, the government did not require [the contractors] to do anything with respect to the placement of warnings on their products.  Nothing in Boyle suggests preemption of a state law duty to warn under such circumstances.

8    Id. accord, Dorse v. Eagle-Picher Industries, Inc., 898 F.2d 1487, 1489 (11th Cir. 1990) (internal

9    quotations omitted).

10        Significantly, the In Re: Hawaii Federal Asbestos Cases court also held that the military

11    contractor defense is not applicable to asbestos products because the defense is available only to a

12    military contractor supplying military equipment under a contract with the government and asbestos is

13    not military equipment because the same product sold to the government was also sold to commercial

14    entities.  960 F.2d at 810.

15        What's more, contractor's immunity is "inapplicable to a failure to warn claim in the absence

16    of evidence that in making its decision whether to provide a warning . . . [USS] was acting in

17    compliance with 'reasonably precise specifications' imposed on [it] by the United States.'"  Butler v.

18    Ingalls Shipbuilding, 89 F.3d 582, 586 (9th Cir. 1996).  In Butler the Ninth Circuit reaffirmed that the

19    military contractor defense does not "trump" a state claim in the absence of evidence that the

20    contractor complied with "precise specifications" imposed on it by a specific officer of the United

21    States Government.  Put another way, government contractor immunity requires a company to show

22    "strong government intervention and the threat that a defendant will be sued in state court based upon

23    actions taken pursuant to federal direction.'"  Fung, 816 F. Supp. at 572.  Butler, 89 F.3d at 586.

24        TODD, however, does not produce any of the type of evidence shown above.   TODD has done

25    nothing more than allege that the work "was performed pursuant to (a) contracts that mandated

26    adherence to comprehensive and detailed specifications regarding, among other things, the use of

27    asbestos-containing as well as (b) repair oversight by on-site U.S. Navy Representative."  Notice of

28    Removal, at paragraph 8.  However, any argument that TODD can claim immunity because the

1  government specified the use of asbestos-containing products aboard its ships misses the point.  To

2  show "strong government intervention" TODD must show that the government <u>specifically prohibited</u>

3  TODD from providing warnings and from working with these products in a safe manner.

4          3.    Todd Has Failed to Demonstrate a Causal Relationship or Nexus Between the Work It
5                Performed for the Navy and the Injury Complained of Here

6          TODD has failed to demonstrate the causal nexus required to support the third prong of the

7  <u>Mesa</u> test, which requires the removing defendant to show a causal nexus between plaintiffs' claims

8  and the acts the defendant performed under the direction of the federal officer.  <u>Mesa</u>, 489 U.S. at 124-

9  125; <u>Fung</u>, 816 F.Supp. at 572.

10         Again, the behavior that Plaintiffs complain of here is not the fact that asbestos-containing

11 products were used on TODD's premises but rather that TODD's employees and its subcontractors

12 failed to work safely with it and failed to warn bystanders such as the Decedent of known or knowable

13 hazards.  What's more, even if TODD produces evidence of a military contract that shows the

14 government specified the use of asbestos-containing materials, such a contract would also have to

15 show that the Navy specified the exact nature of TODD's work with asbestos and that TODD was

16 prohibited from warning bystanders such at the Decedent about hazards associated with asbestos.

17         D.    Plaintiffs Request Award of Attorney Fees and Costs

18         When a Federal District Court grants remand, that order may "require payment of just costs

19 and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.

20 1447(c); <u>Morris v. Bridgestone/Firestone, Inc.</u>, 985 F.2d 238, 240 (6th Cir. 1993).  "When defendants

21 remove a case improperly, for example they cause the plaintiffs to incur the expense of seeking a

22 remand.  That expense is a direct result of the removal and section 1447(c) permits the plaintiffs to

23 recoup that expense." <u>Baddie v. Berkeley Farms, Inc.</u>, 64 F.3d 487, 490 (9th Cir. 1995).  That is the

24 case here.

25         As a result of the improper removal, which was totally unsupported in the law, plaintiffs have

26 incurred fees and expenses in the amount of $2,600.00.  Declaration of Shannon S. Johnson at

27 paragraphs 4-5.  Pursuant to 28 U.S.C. § 1447(c), Plaintiffs request that the Court's remand order

28 include an award of these costs.

1

### V. CONCLUSION

2    TODD's removal based on the federal officer immunity was improper.  TODD has failed to

3    carry its burden to prove that it was operating under the direct control of a federal officer.  TODD has

4    also failed to demonstrate that it can raise a colorable federal defense to Plaintiffs' action or show a

5    causal nexus between the work it allegedly performed at a federal officer's direction and Plaintiffs'

6    claims.  Accordingly, Plaintiffs respectfully request that this Motion to Remand be granted and that

7    they be awarded attorney fees and costs.

8

9    Dated:  August 2, 2007                    LEVIN SIMES KAISER & GORNICK LLP

10

11                                             By:_____

12                                                 Shannon S. Johnson
                                                   Attorneys for Plaintiffs
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28