JEFFREY A. KAISER, ESQ., [SBN 160594]
SHANNON S. JOHNSON, ESQ., [SBN 239314]
**LEVIN SIMES KAISER & GORNICK, LLP**
44 Montgomery, 36th Floor
San Francisco, CA  94104
Telephone:  (415) 646-7160
Fax:  (415) 981-1270

Attorneys for PLAINTIFFS
JO GUNTER HEWITT, ET AL.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JO GUNTER HEWITT, individually and on Behalf of the Estate of RONALD A. HEWITT, decedent; SUSAN SIMPSON; RHONDA KNIGHT; AND DOES ONE through TEN, inclusive, <br><br> Plaintiff, <br><br> vs. <br><br> A. W. CHESTERTON COMPANY, et al., <br><br> Defendants. | Case No.  C 07-3474 SI <br><br> **DECLARATION OF SHANNON S. JOHNSON IN SUPPORT OF MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT; AND FOR PAYMENT OF FEES AND COSTS [28 U.S.C. §§1446, 1447(c)]** <br><br> Date:          September 14, 2007 <br> Time:          9:00 a.m. <br> Courtroom.:  Courtroom 10, 19th Floor <br>                     San Francisco, CA <br><br> The Honorable Susan Illston |

I, SHANNON S. JOHNSON, declare:

1.      I am an attorney licensed to practice before this Court as well as all the courts of the State of California and am an associate with the law firm of LEVIN SIMES KAISER & GORNICK LLP, attorneys for Plaintiffs herein.

2.      Ronald Hewitt, a 69 year old retired police officer and criminal investigator, was diagnosed with mesothelioma on January 24, 2006.  He and his wife Jo filed an asbestos personal injury and loss of consortium lawsuit in San Francisco County Superior Court on February 27, 2006. Mr. Hewitt's principal exposures to asbestos occurred while his ships, the USS Epperson and the USS

1   Ashtabula, were overhauled at TODD's shipyard in San Pedro, CA in the late 1950s, and the late

2   1960s, respectively.

3       3.      Attached hereto as Exhibit "A" is a true and correct copy of Plaintiffs' Second

4   Amended Complaint.

5       4.      My time is billed at the hourly rate of $200.00 per hour and the partner who worked on

6   this as well, Jeff Kaiser, is billed at a standard rate of $500.00 per hour.

7       5.      I spent 8 hours preparing the motion for remand for a total fee of $1,600.00.  It is

8   believed that Jeff Kaiser will spend at least two more hours preparing for and attending the hearing.

9   The total fee for preparing and attending the hearing on this motion will be about $2,600.00

10      I declare under penalty of perjury that the foregoing is true and correct.

11      Executed this 2nd day of August, 2007, in San Francisco, California.

12

13      _____

14      Shannon S. Johnson

# EXHIBIT A

SUM-100

SECOND AMENDED

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST;
SEE ATTACHMENT FOR ADDITIONAL DEFENDANTS

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JO GUNTER HEWITT, individually and on Behalf of the
Estate of RONALD HEWITT, decedent; SUSAN SIMPSON;
RHONDA KNIGHT AND DOES ONE through TEN, inclusive

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA<br>400 MCALLISTER STREET<br><br>SAN FRANCISCO, CA 94102 | CASE NUMBER:<br>*(Número del Caso):* CGC 06 449838 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JEFFREY A. KAISER    (SBN 160594)
LEVIN SIMES KAISER & GORNICK, LLP
44 MONTGOMERY STREET, 36TH FLOOR
SAN FRANCISCO, CA 94104

DATE: _____, Clerk, by _____, Deputy
*(Fecha)* MAY 2 3 2007    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*

    under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

    ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]    **SUMMONS**    Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
Plus

1    Attachment to Summons

2

3    **JO GUNTER HEWITT, individually and on Behalf of**      )      No. CGC 06 449838
     **the Estate of RONALD HEWITT, decedent; SUSAN**          )
4    **SIMPSON; RHONDA KNIGHT AND DOES ONE**                    )
     **through TEN, inclusive,**                               )

5                                                              )
                            **PLAINTIFFS,**                    )
6                                                              )
                                **VS.**                        )
7                                                              )

8    **ALLIS CHALMERS CORPORATION PRODUCT**                    )
     **LIABILITY TRUST;**                                      )
9    **PLANT INSULATION COMPANY;**                             )
     **SULZER PUMPS (US) INC., INDIVIDUALLY AND AS**           )
10   **SII TO BINGHAM INTERNATIONAL, INC.;**                   )
     **THORPE INSULATION COMPANY;**                            )
11   **UNIROYAL, INC.;**                                       )
     **TODD SHIPYARDS CORPORATION**                            )
12   **AND THE ELEVENTH DOE THROUGH THREE**                    )
     **HUNDREDTH DOE, INCLUSIVE,**                             )
13                                                             )

14                         **DEFENDANTS.**                     )

15   _____

16

17

18

19

20

21

22

23

24

25

26

27

28

JEFFREY A. KAISER, ESQ. [SBN 160594]
SHANNON S. PATEL, ESQ. [SBN 239314]
**LEVIN SIMES KAISER & GORNICK, LLP**
44 Montgomery Street, 36th Floor
San Francisco, California 94104
Telephone     (415) 646-7160
Facsimile     (415) 981-1270

Attorneys for Plaintiffs
JO GUNTER HEWITT, et al.

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**MAY 18 2007**
GORDON PARK-LI, Clerk
BY: JUDITH NUNEZ
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO
(UNLIMITED JURISDICTION)

| | | |
|---|---|---|
| JO GUNTER HEWITT, et al, | ) | No. CGC 06 449838 |
| | ) | |
| Plaintiffs, | ) | PRELIMINARY FACT |
| | ) | SHEET NEW FILING/ |
| vs. | ) | ASBESTOS LITIGATION |
| | ) | (See General Order No. 129) |
| ALLIS CHALMERS CORPORATION | ) | In Re Complex Asbestos |
| PRODUCT LIABILITY TRUST, et al., | ) | Litigation |
| | ) | |
| Defendants. | ) | |

## N O T I C E

**TO NEW DEFENDANTS SERVED IN COMPLEX ASBESTOS LITIGATION IN THE**
**SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA,**
**CITY AND COUNTY OF SAN FRANCISCO:**

You have been served with process in an action which has been designated by the Court as

complex litigation pursuant to Standard 19 of the Standards of Judicial Administration. This

litigation bears the caption "In Re: Complex Litigation," [San Francisco Superior Court No.

828684].

This litigation is governed by various general orders, some of which affect the judicial

management and/or discovery obligations, including the responsibility to answer interrogatories

deemed propounded in the case. You may contact the Court or Designated Defense Counsel,

Berry & Berry, Station D, Post Office Box 16070 (2930 Lakeshore Ave.), Oakland, California

94610; Telephone: (510) 250-0200; FAX: (510) 835-5117 for further information and/or copies of

these orders, at your expense.

1.    State the complete name and address of each person whose claimed exposure to asbestos is the basis of this lawsuit ("exposed person"):

**RONALD HEWITT, DECEDENT**

2.    Does plaintiff anticipate filing a motion for preferential trial date within the next four months? _____ Yes          __X__ No

3.    Date of birth of each exposed person in item one and, if applicable, date of death:

**Date of Birth: September 4, 1936          Date of Death: December 22, 2006**

Social Security Number of each exposed person:    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

4.    Specify the nature or type of asbestos-related disease alleged by each exposed person:

____ Asbestosis          __X__ Mesothelioma

___ Pleural Thickening/Plaques    ____ Other Cancer: Specify: _____

Lung Cancer Other Than Mesothelioma    Other: Specify:_____

5.    For purposes of identifying the nature of exposure allegations involved in this action, please check one or more:

____Shipyard          ____Construction    ____ Friction-Automotive

____Premises          ____ Aerospace      __X__Military

____Other: Specify all that apply: Self-employed landscaper

If applicable, indicate which exposure allegations apply to which exposed person.

6.    Identify each location alleged to be a source of an asbestos exposure, and to the extent known, provide the beginning and ending year(s) of each such exposure. Also specify each exposed person's employer and job title or job description during each period of exposure. (For example: "San Francisco Naval Shipyard - Pipefitter - 1939-1948"). Examples of locations of exposure might be a specific shipyard, a specific railroad maintenance yard, or perhaps more generalized descriptions such as "merchant Marine" or "construction." If an exposed person claims exposure during only a portion of a year, the answer should indicate that year as the

1  beginning and ending year (e.g., 1947-1947).

2

| Employer & Dates | Jobsite(s) | Job Duties |
|---|---|---|
| **US Navy** **1955-1968** | USS Epperson DD-179 USS Shields DD-596 USS Perkins DD-877 NAS-Kingsville, TX USS Ajax AR-6 USS Ashtabula AD-51 Pearl Harbor, HI San Diego, CA Many U.S. Navy ships, Japan San Francisco, CA Long Beach, CA | Machinist mate on ships; ground support for fighter jets at Kingsville, TX |
| **Fleet Reserve** **1968-1981** | San Diego, CA; Long Beach, CA | Unknown at this time |
| **Hurst, Texas Police Dept.** **1968-1980** | Hurst, TX | Patrol officer |
| **Freeport Gold Mine** **1980-1983** | Elko, NV | Smelters assistant |
| **Haltom City, Texas Police Dept.** **1983-1995** | Haltom City, TX | Criminal investigator |

7.      For each exposed person who:

        a.      worked in the United States or for a U. S. agency outside the territorial United States, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Earnings authorization (Exhibit N-4 to General Order No. 129);

        b.      may have had a Social Security disability award or is no longer employed and whose last employment was not with a United States government agency, attach to the copy of this fact sheet provided to Designated Defense counsel a fully executed Social Security Disability authorization (Exhibit N-5 to General Order No. 129);

        c.      served at any time in the United States military, attach to the copy of this fact sheet provided to the Designated Defense counsel two fully executed originals of the stipulation (Exhibit

1    N-3 to General Order No. 129);

2         d.    was employed by the United States government in a civilian capacity, attach to the

3    copy of this fact sheet provided to Designated Defense counsel two fully executed originals of the

4    stipulation (Exhibit N-3 to General Order No. 129).

5    8.    If there is a wrongful death claim, attach to the copy of this fact sheet provided to

6    Designated Defense Counsel a copy of the death certificate, if available. If an autopsy report was

7    done, also attach a copy of it to the copy of this fact sheet provided to Designated Defense

8    Counsel.

9    9.    State the date of the filing of the initial complaint in this matter:  February 27, 2006.

10

11    DATED:  May 18, 2007          **LEVIN SIMES KAISER & GORNICK, LLP**

12
                                   BY
13                                      _____
                                        SHANNON S. PATEL
14                                      Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# COUNTY OF HOOD

**STATE OF TEXAS**

**CERTIFICATE OF DEATH**

**STATE FILE NUMBER**

| 1. LEGAL NAME OF DECEASED | | | | 2. DATE OF DEATH |
|---|---|---|---|---|
| Ronald | Arthur | Hewitt | | December 22, 2006 |

| 4. SEX | 5. DATE OF BIRTH | 6. AGE | 7. UNDER 1 YR | 7. UNDER 1 DAY | 8. BIRTHPLACE |
|---|---|---|---|---|---|
| Male | September 04, 1936 | 70 | | | Fort Worth, Texas |

**9. SOCIAL SECURITY NUMBER**
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

| 10. MARITAL STATUS AT TIME OF DEATH | 11. SURVIVING SPOUSE |
|---|---|
| Married | Jo Gunter |

**10a. RESIDENCE STREET ADDRESS**
9010 W. Hwy 377

| 10b. CITY OR TOWN |
|---|
| Tolar |

| 10c. COUNTY | 10d. STATE | 10f. ZIP CODE | 10g. INSIDE CITY LIMITS? |
|---|---|---|---|
| Hood | Texas | 76476 | Yes |

**12. FATHER'S NAME**
Noble Hewitt

**13. MOTHER'S NAME PRIOR TO FIRST MARRIAGE**
Gertrude Zwier

**14. IF DEATH OCCURRED IN A HOSPITAL:**

**15. PLACE OF DEATH (OTHER ONLY ONE)**

**16. COUNTY OF DEATH**
Hood

**17. CITY/TOWN**
Tolar, 76476

9010 W. Hwy 377

**17. INFORMANT'S NAME & RELATIONSHIP TO DECEASED**
Mrs. Jo Hewitt - Wife

**MAILING ADDRESS OF INFORMANT**
9010 W. Hwy 377, Tolar TX 76476

**18. METHOD OF DISPOSITION**

**20. SIGNATURE AND LICENSE NUMBER OF FUNERAL DIRECTOR OR PERSON ACTING AS SUCH**
Gregg Almy  11716

**PLACE OF DISPOSITION** (Name of cemetery, crematory, other place)
Laurel Land Memorial Park

**LOCATION**
Fort Worth, Texas

**NAME OF FUNERAL FACILITY**
Laurel Land Funeral Home Ft Worth, Inc.

**COMPLETE ADDRESS OF FUNERAL FACILITY**
7100 Crowley Road, Fort Worth, TX 76134

**CERTIFIER (Check only level:)**

**PRINTED NAME AND ADDRESS OF CERTIFIER**
Christopher Ellis, MD; 2121 Hwy 377 E.; Granbury, TX 76049

**LICENSE NUMBER**
L2570

**TIME OF DEATH**
09:05 AM

**TITLE OF CERTIFIER**
MD

**31. PART I. ENTER THE CHAIN OF EVENTS...**

IMMEDIATE CAUSE (Final disease or condition resulting in death.)
Mesothelioma

11 months

**PART II. ENTER OTHER SIGNIFICANT CONDITIONS...**

| 36. MANNER OF DEATH | 37. DID TOBACCO CONTRIBUTE TO DEATH? | 38. IF FEMALE |
|---|---|---|
| | | |

**42a. REGISTRAR FILE NO.**
01-359-2006

**42b. DATE RECEIVED BY LOCAL REGISTRAR**
JAN 12 2007

S35992

VOL. 26 PAGE 072

This is to certify that this is a true and correct reproduction of the name and birth facts as recorded in this office, issued under authority of Section 191.051, Health & Safety Code.

**DATE ISSUED:** JAN 12 2007

Sally Oubre, County Clerk
Hood County, Texas

WARNING: IT IS ILLEGAL TO DUPLICATE THIS COPY.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE.

1  JEFFREY A. KAISER [SBN 160594]
   SHANNON S. PATEL [SBN 239314]
2  **LEVIN SIMES KAISER & GORNICK, LLP**
   44 Montgomery Street, 36th Floor
3  San Francisco, CA 94104
   Telephone:    (415) 646-7160
4  Facsimile:    (415) 981-1270

5  Attorneys for Plaintiffs

6  JO GUNTER HEWITT, et al.

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**MAY 18 2007**
GORDON PARK-LI, Clerk
BY: JUDITH NUNEZ
Deputy Clerk

7

8                    SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO
                        (UNLIMITED JURISDICTION)

10

11  **JO GUNTER HEWITT, individually and on Behalf of**      )   No. CGC 06 449838
    **the Estate of RONALD HEWITT, decedent; SUSAN**          )
12  **SIMPSON; RHONDA KNIGHT AND DOES ONE**                   )
    **through TEN, inclusive,**                               )   **SECOND AMENDED**
13                                                            )   **COMPLAINT FOR**
                        **PLAINTIFFS,**                       )   **DAMAGES**
14                                                            )
                          **VS.**                             )   **(Wrongful Death)**
15                                                            )   **(Asbestos)**
    **ALLIS CHALMERS CORPORATION PRODUCT**                    )
16  **LIABILITY TRUST;**                                      )   **Negligence**
    **PLANT INSULATION COMPANY;**                             )   **Strict Liability**
17  **SULZER PUMPS (US) INC., INDIVIDUALLY AND AS**           )   **Survival Action**
    **SII TO BINGHAM INTERNATIONAL, INC.;**                   )   **And**
18  **THORPE INSULATION COMPANY;**                            )   **Loss of Consortium**
    **UNIROYAL, INC.;**                                       )
19  **TODD SHIPYARDS CORPORATION**                            )
    **AND THE ELEVENTH DOE THROUGH THREE**                    )
20  **HUNDREDTH DOE, INCLUSIVE,**                             )
                                                              )
21                      **DEFENDANTS.**                       )
                                                              )
22  _____        )

23

24

25                    **GENERAL ALLEGATIONS**

26      1.      The true names and capacities, whether individual, corporate, associate, governmental or

27  otherwise, of defendants ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, are

28

known to plaintiffs at this time, who therefore sue said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, plaintiffs will amend this complaint accordingly. Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the decedent, as hereinafter alleged.

2.     At all times herein mentioned, each of the defendants, except as otherwise alleged, was the agent, servant, employee and/or joint venturer of her co-defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Certain defendants agreed and conspired among themselves and with certain other individuals and/or entities, to act, or not to act, in such a manner that resulted in injury to the decedent; and such defendants, as co-conspirators, are liable for the acts, or failures to act, of other conspiring defendants. Plaintiffs are informed and believe, and allege, that at all times herein mentioned defendants ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, were and are authorized to do business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

3.     Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, each defendant named herein and ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, were and are corporations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

## FIRST CAUSE OF ACTION-NEGLIGENCE

### (Wrongful Death)

*PLAINTIFFS JO GUNTER HEWITT, SUSAN SIMPSON, RHONDA KNIGHT and DOES ONE through TEN, Inclusive, COMPLAIN OF DEFENDANTS, AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH) ALLEGE:*

4.      The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, are unknown to plaintiffs at this time, who therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, plaintiffs will amend this Complaint accordingly. Plaintiffs are informed and believe and thereon allege that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the plaintiffs, as hereinafter alleged.

5.      At all times herein mentioned, each of the defendants was the agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.

6.      Plaintiffs are informed and believe, and thereon alleges, that at all times herein mentioned, defendants **ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST; PLANT INSULATION COMPANY; SULZER PUMPS (US) INC., INDIVIDUALLY AND AS SII TO BINGHAM INTERNATIONAL, INC.; THORPE INSULATION COMPANY; UNIROYAL, INC.; TODD SHIPYARDS CORPORATION AND THE ELEVENTH DOE THROUGH THREE HUNDREDTH DOE**, inclusive, are corporations organized and existing under and by virtue of the laws of the State of California, or the laws of some state or foreign jurisdiction, and that said defendants were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the City and County of San Francisco, State of California. The defendants identified in this paragraph are hereinafter referred to as **"ASBESTOS DEFENDANTS"**

7.      At all times herein mentioned, each of the **ASBESTOS DEFENDANTS** was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary,

1  wholly or partially owned by, or the whole or partial owner of or member in an entity researching,

2  studying, manufacturers, fabricating, designing, labeling, assembling, distributing, leasing, buying,

3  offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing,

4  modifying, disturbing, handling, marketing, warranting, rebranding, manufacturing for others,

5  packaging and advertising a certain substance the generic name for which is asbestos, and other

6  products containing said substance.  Said entities shall hereinafter collectively be called "alternate

7  entities".  Each of the herein named **ASBESTOS DEFENDANTS** are liable for the tortuous conduct of

8  each successor, successor in business, successor in product line or a portion thereof,  assign,

9  predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary,

10  alter-ego, whole of partial owner, or wholly or partially owned entity, or entity that it as a member of, or

11  funded, that researched, studied, manufactured, fabricated, designed, labeled, assembled, distributed,

12  leased, bought, offered for sale, sold, inspected, serviced, installed, contracted for installation, repaired,

13  marketed, warranted, rebranded, manufactured for others and advertised a certain substance, the generic

14  name of which is asbestos, and other products containing said substance. The following **ASBESTOS**

15  **DEFENDANTS**, and each of them, are liable for the acts of each and every "alternate entity", and each

16  of them, in that there has been a virtual destruction of plaintiffs remedy against each such "alternate

17  entity"; **ASBESTOS DEFENDANTS**, and each of them, have acquired the assets, product line, or

18  apportion thereof, of each such "alternate entity"; **ASBESTOS DEFENDANTS**, and each of them,

19  caused the destruction of plaintiffs remedy against each such "alternate entity"; each such **ASBESTOS**

20  **DEFENDANTS** has the ability to assume the risk-spreading role of each such "alternate entity"; and

21  that each such **ASBESTOS DEFENDANT** enjoys the goodwill originally attached to each such

22  "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| SULZER PUMPS (US) INC. | BINGHAM INTERNATIONAL, INC. |

8.     The Federal Courts lack jurisdiction over this action and removal is therefore improper. There is incomplete diversity of citizenship due to the presence of a California **ASBESTOS DEFENDANT**.   Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed.  This includes any claim arising from an act on a Federal Enclave as defined by Article I, section. 8, clause 17 of the United States Constitution.  This also includes any claim arising from any act or omission of the Untied States, any agency thereof, any officer of the United States, or a claim against any other person or entity that is based on an act that was performed under specific direction of the United States, any agency thereof or any Officer of the United States.  No claim of admiralty or maritime law is raised.  Plaintiffs sue no foreign state or agency.  Venue is proper in San Francisco County, Superior Court of California.

9.     At all times herein mentioned, the **ASBESTOS DEFENDANTS** and each of them were engaged in the business of manufacturing, installing, contracting for installation, scrapper, fabricating, designing, assembling, distributing, leasing, buying, selling, modifying, disturbing, handling, inspecting, servicing, repairing, marketing, warranting and advertising a certain substance, the generic name of which is asbestos, and/or other products containing said substance, or are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, and marketing of safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos in the workplace and other locations.

10.     At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them were aware that the original gaskets and packing supplied with the steam pumps would need to be removed and replaced with new gaskets and packing during ordinary operation and maintenance of the steam pumps.  Heat and pressure generated by operation of the steam pumps would affect the original and replacement gaskets and packing – e.g., making them brittle, friable and not reusable, making replacement necessary and dangerous.  It was foreseeable that the process of removing old gaskets and

1  packing, and replacing them with the new materials during ordinary maintenance operations would

2  disturb the asbestos materials, releasing asbestos into the air.

3     11.    At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them,

4  singularly and jointly, negligently and carelessly researched, tested or failed to test, warned or failed to

5

6  warn, manufactured and/or caused to be manufactured,  designed, developed, distributed, labeled,

7  advertised, marketed, warranted, inspected, repaired, fabricated, assembled, installed, modified,

8  handled, disturbed, serviced, and sold a certain substance, the generic name of which is asbestos, and/or

9   other products containing said substance, and said substance was capable of causing and did, in fact,

10  proximately cause personal injuries to users, consumers, workers and others, while being used in a

11  manner reasonably foreseeable, thereby rendering said substances unsafe and dangerous for use by the

12
   consumers, users, bystanders or workers exposed thereto;
13

14     12.    Plaintiffs' decedent was exposed to asbestos and asbestos products referred to in

15  paragraph 10, in a manner that was reasonably foreseeable.

16     13.    As a direct and proximate result of the conduct of the **ASBESTOS DEFENDANTS**, and

17  each of them, as aforesaid, the exposure to asbestos caused plaintiffs' decedent to contract mesothelioma

18  (cancer) from which he died on December 22, 2006.

19

20     14.    Plaintiffs did not learn of the causal relationship between decedent's exposure to asbestos

21  and her death until less than one year before the date on which this complaint was filed.

22     15.    Plaintiffs are the heirs of RONALD HEWITT, deceased, herein referred to as "decedent",

23  as follows:

24        JO GUNTER HEWITT              Spouse

25        SUSAN SIMPSON               Daughter

26
          RHONDA KNIGHT               Daughter
27

28

16.     As a result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, decedent's heirs have sustained pecuniary loss resulting from the loss of love, comfort, society, attention, services and support of decedent in a sum in invoking the unlimited jurisdictional limits of the Court.

17.     As a further result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, and the death of decedent, plaintiffs herein have incurred funeral and burial expenses in an amount to be subsequently ascertained.

18.     Plaintiffs have lost pre-judgment interest pursuant to Civil Code Section 3288, the exact amount of which plaintiff prays leave to insert herein when finally ascertained.

19.     As a further direct and proximate result of the said conduct of **ASBESTOS DEFENDANTS**, and each of them, plaintiff has incurred, and will incur, loss of income, wages, pension, profits and commissions, a diminished earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to plaintiff; and leave is requested to amend this Complaint to conform to proof at the time of trial.

20.     Defendant **TODD SHIPYARDS CORPORATION** negligently failed to warn decedent and others similarly situated that the asbestos containing products and materials in use by its workers, hired contractors and sub-contractors, from which decedent Ronald Hewitt suffered harmful exposures to airborne asbestos fibers, were in fact harmful and deadly and could lead asbestos-related illnesses including but not limited to mesothelioma. **TODD SHIPYARDS CORPORATION** employees and its subcontractors negligently exposed decedent Ronald Hewitt to airborne asbestos fibers through working with asbestos-containing materials in his presence at **TODD SHIPYARDS CORPORATION** in San Pedro, CA. **TODD SHIPYARDS CORPORATION** owned this facility, controlled the facility and its employees and the contractors **TODD SHIPYARDS CORPORATION** hired directly exposed decedent to harmful asbestos fibers and failed to warn decedent of the hazardous condition it created and **TODD SHIPYARDS CORPORATION** knew or reasonably should have known of the hazards of

asbestos. Pursuant to *Westbrook v. Asbestos Defendants*, 2001 U.S.Dist. Lexis 11575, **TODD SHIPYARDS CORPORATION** failed to warn decedent that the asbestos-containing products its employees and subcontractors were using were harmful to decedent and others similarly situated. As such, **TODD SHIPYARDS CORPORATION** negligently retained control of the contractors that exposed decedent to this harmful condition. **TODD SHIPYARDS CORPORATION** reasonably should have warned decedent of the hazards created by **TODD SHIPYARDS CORPORATION** workers and **TODD SHIPYARDS CORPORATION'S** agents. This duty to warn decedent about the hazards created directly by **TODD SHIPYARDS CORPORATION** and its agents is independent of any potential role the Navy might have played in specifying the use of asbestos containing materials on Navy Ships.

     **TODD SHIPYARDS CORPORATION** should have recognized that the work of its employees and contractors would create during the progress of the work, dangerous, hazardous, and unsafe conditions which could or would harm decedent and others unless special precautions were taken.

     **TODD SHIPYARDS CORPORATION** knew or had reason to know, that the contractors it had selected and hired to install, remove, abate or otherwise handle asbestos-containing materials were unfit or unqualified to do so

     **TODD SHIPYARDS CORPORATION** failed to use reasonable care to discover whether the contractors it selected and hired to install, remove, abate or otherwise handle asbestos-containing materials were competent or qualified to do so.

     WHEREFORE, plaintiffs pray judgment against **ASBESTOS DEFENDANTS**, and each of them, as hereafter set forth.

### SECOND CAUSE OF ACTION - STRICT LIABILITY

*AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFFS JO GUNTER HEWITT individually and as Personal*

*Representative to the Estate of RONALD HEWITT, decedent; SUSAN SIMPSON, RHONDA KNIGHT AND DOES ONE THROUGH TEN, INCLUSIVE, COMPLAIN OF THE **ASBESTOS DEFENDANTS** AND EACH OF THEM, AND ALLEGE AS FOLLOWS:*

20.     Plaintiffs reallege and incorporate herein by reference each of the proceeding paragraphs of this Complaint.

21.     **ASBESTOS DEFENDANTS** and each of them, researched, manufactured, tested or failed to test, warned or failed to warn, designed, labeled, distributed, advertised, marketed, warranted, modified, handled, disturbed, inspected, repaired, offered for sale and sold a certain substance, the generic name of which is asbestos and other products containing said substance, which substance is defective, in that same was capable of causing and did, in fact, cause personal injuries and/or death including mesothelioma and other lung damage and cancer, to the users and consumers thereof while being used in a reasonably foreseeable manner, thereby rendering the same unsafe and dangerous for use by consumers, users, bystanders and workers exposed thereto; said **ASBESTOS DEFENDANTS**, and each of them, further failed to adequately warn of the risks to which decedent and others similarly situated were exposed.

22.     At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them were aware that the original gaskets and packing supplied with the steam pumps would need to be removed and replaced with new gaskets and packing during ordinary operation and maintenance of the steam pumps. Heat and pressure generated by operation of the steam pumps would affect the original and replacement gaskets and packing – e.g., making them brittle, friable and not reusable, making replacement necessary and dangerous. It was foreseeable that the process of removing old gaskets and packing, and replacing them with the new materials during ordinary maintenance operations would disturb the asbestos materials, releasing asbestos into the air.

23.     As a direct and proximate result thereof, decedent suffered the injuries from which he subsequently died and plaintiffs have suffered the injuries and damages previously alleged.

WHEREFORE, plaintiffs pray judgment against **ASBESTOS DEFENDANTS**, and each of them, as hereafter set forth.

## THIRD CAUSE OF ACTION - SURVIVAL ACTION

*AS AND FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION*

*(SURVIVAL ACTION), PLAINTIFF JO GUNTER HEWITT as Personal Representative to the Estate of*

*RONALD HEWITT, decedent;, COMPLAIN OF **ASBESTOS DEFENDANTS**, AND EACH OF THEM,*

*AND FOR A CAUSE OF ACTION ALLEGES:*

24.    Plaintiffs incorporate by reference herein each and every paragraph of the First and Second Causes of Action of this Complaint, and makes them a part of this, the Third Cause of Action, as though fully set forth herein.

25.    Prior to his death, decedent RONALD HEWITT had a cause of action against **ASBESTOS DEFENDANTS** herein for personal injuries arising from his exposure to asbestos.  On December 22, 2006, after the foregoing cause of action arose in his favor, RONALD HEWITT, who would have been the plaintiff in this action if he had lived, died.

26.    As a proximate result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, decedent was required to, and did, employ physicians and surgeons to examine, treat and care for him and did incur medical and incidental expenses in a sum to be subsequently determined.

27.    As a further, direct and proximate result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, decedent was prevented from attending to his usual occupation for a period of time and thereby incurred damages for loss of earnings in a sum to be subsequently determined.

28.    In researching, testing, manufacturing, distributing, labeling, and marketing said products, **ASBESTOS DEFENDANTS** in this cause of action named, and each of them, did so with conscious disregard for the safety of the users of said products, in that **ASBESTOS DEFENDANTS** had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including but not limited to mesothelioma.  Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which **ASBESTOS**

## THIRD CAUSE OF ACTION - SURVIVAL ACTION

*AS AND FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION*

*(SURVIVAL ACTION), PLAINTIFF JO GUNTER HEWITT as Personal Representative to the Estate of*

*RONALD HEWITT, decedent;, COMPLAIN OF* **ASBESTOS DEFENDANTS**, *AND EACH OF THEM,*

*AND FOR A CAUSE OF ACTION ALLEGES:*

24.     Plaintiffs incorporate by reference herein each and every paragraph of the First and

Second Causes of Action of this Complaint, and makes them a part of this, the Third Cause of Action,

as though fully set forth herein.

25.     Prior to his death, decedent RONALD HEWITT had a cause of action against

**ASBESTOS DEFENDANTS** herein for personal injuries arising from his exposure to asbestos.  On

December 22, 2006, after the foregoing cause of action arose in his favor, RONALD HEWITT, who

would have been the plaintiff in this action if he had lived, died.

26.     As a proximate result of the conduct of **ASBESTOS DEFENDANTS**, and each of them,

decedent was required to, and did, employ physicians and surgeons to examine, treat and care for him

and did incur medical and incidental expenses in a sum to be subsequently determined.

27.     As a further, direct and proximate result of the conduct of **ASBESTOS DEFENDANTS**,

and each of them, decedent was prevented from attending to his usual occupation for a period of time

and thereby incurred damages for loss of earnings in a sum to be subsequently determined.

28.     In researching, testing, manufacturing, distributing, labeling, and marketing said

products, **ASBESTOS DEFENDANTS** in this cause of action named, and each of them, did so with

conscious disregard for the safety of the users of said products, in that **ASBESTOS DEFENDANTS**

had specific prior knowledge that there was a high risk of injury or death resulting from exposure to

asbestos or asbestos products, including but not limited to mesothelioma.  Said knowledge was

obtained, in part, from scientific studies, government data, and medical data to which **ASBESTOS**

**DEFENDANTS** had access, as well as scientific studies performed by, at the request of, or with the assistance of, said **ASBESTOS DEFENDANTS**, and which knowledge was obtained by said **ASBESTOS DEFENDANTS** on or before 1933, and thereafter.

29.    On or before 1933, and thereafter, said **ASBESTOS DEFENDANTS** were aware that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and asbestos products, had no knowledge or information indicating that asbestos could cause injury, and said **ASBESTOS DEFENDANTS** knew that the users of asbestos and asbestos products, as well as members of the general public who were exposed to asbestos and asbestos products, would assume, and in fact did assume, that exposure to asbestos and asbestos products was safe, when in fact said exposure was extremely hazardous to human life.

30.    With said knowledge, said **ASBESTOS DEFENDANTS** opted to manufacture and distribute said asbestos and asbestos products without attempting to protect users from or warn users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products.  Rather than attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products, **ASBESTOS DEFENDANTS** intentionally failed to reveal their knowledge of said risk, fraudulently, consciously and actively concealed and suppressed said knowledge from members of the general public that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations.

31.    The above referenced conduct of said **ASBESTOS DEFENDANTS** was motivated by the financial interest of said **ASBESTOS DEFENDANTS** in the continuing, uninterrupted distribution and marketing of asbestos and asbestos products.  In pursuance of said financial motivation, said **ASBESTOS DEFENDANTS** consciously disregarded the safety of the users of, and persons exposed to, asbestos and asbestos products, and were in fact, consciously willing to permit asbestos and asbestos

products to cause injury to workers and users thereof, and persons exposed thereto, including plaintiff.

32.    As the above referenced conduct of said **ASBESTOS DEFENDANTS** was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of workers exposed to asbestos and asbestos products, including plaintiffs' decedent, plaintiff, for the sake of example, and by way of punishing said **ASBESTOS DEFENDANTS**, seeks punitive damages according to proof.

### FOURTH CAUSE OF ACTION - LOSS OF CONSORTIUM

*AS AND FOR A FURTHER, FOURTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF JO GUNTER HEWITT, COMPLAINS OF* **ASBESTOS DEFENDANTS**, *AND EACH OF THEM, AND ALLEGES AS FOLLOWS:*

33.    Plaintiff JO GUNTER HEWITT realleges and incorporates herein by reference each of the proceeding paragraphs of this Complaint.

34.    Plaintiff JO GUNTER HEWITT was at all relevant times the lawfully wedded spouse of decedent RONALD HEWITT

35.    As a direct and proximate result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, and of the severe injuries caused thereby to decedent prior to his death, as hereinabove alleged, plaintiff JO GUNTER HEWITT suffered loss of consortium, including, but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of his said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

36.    Plaintiff JO GUNTER HEWITT, as a result of the foregoing described injuries to her said spouse, has been generally damaged in a sum invoking the unlimited jurisdiction of the Court.

WHEREFORE, plaintiffs pray judgment against **ASBESTOS DEFENDANTS** and each of them as follows:

1. For general damages according to proof;

2. For burial expenses according to proof;

3. For medical and related expenses according to proof;

4. For loss of income according to proof;

5. For punitive damages according to proof;

6. For loss of care, comfort and society.

7. For plaintiffs' costs of suit herein; and,

8. For such other and further relief as this Court deems just and proper, including costs as provided in CCP § 998, CCP § 1032 and related provisions of law.

DATED: May 18, 2007

LEVIN SIMES KAISER & GORNICK, LLP

SHANNON S. PATEL
Attorney for Plaintiffs